**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| SAMUEL HILDENBRAND, on behalf of himself and all others similarly situated, | CIVIL No. 07-1886(JAG) (Consolidated) |
| Plaintiff, | |
| v. | RE: SECURITIES CLASS ACTION |
| W HOLDING, INC., *et al.*, | |

## ANSWER OF DEFENDANT RICARDO HERNANDEZ

Andrés Rivero, Esq. (PHV)
M. Paula Aguila, Esq. (PHV)
Rivero Mestre & Castro
2525 Ponce de León Blvd.
Suite 1000
Miami, Florida 33134

DATED: August 25, 2009

Pedro E. Ruiz Meléndez
USDC-PR No. 208311
Pedro E. Ruiz Law Offices, PSC
P.O. Box 190879
San Juan, Puerto Rico 00919-0879

*Attorneys for Ricardo Hernandez*

Defendant Ricardo Hernandez ("Mr. Hernandez") answers the Consolidated Amended Complaint for Violations of Federal Securities Laws (the "Amended Complaint") of lead plaintiffs Felix Rivera, José A. Nicolao, Fundación Rios Pasarell, Inc. and Efren E. Moreno ("Lead Plaintiffs") as follows:

## ANSWER

Except to the extent expressly admitted here, Mr. Hernandez denies each and every allegation in the Amended Complaint. The numbered paragraphs in this answer correspond to the numbered paragraphs of the Amended Complaint.

1.      The allegations in paragraph 1 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  With respect to the allegations about the time period from April 24, 2006, to June 26, 2006, Mr. Hernandez states that he lacks knowledge about events after June 13, 2006 (the "Termination Date"), and therefore denies those allegations.

2.      The allegations in the first and third sentences of paragraph 2 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  Further, allegations about the periods ending September 2006, December 2006 and March 2006 are after Mr. Hernandez's Termination Date. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations, and further responds that the documents referred to there speak for themselves.  Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of those documents.1

3.      Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in the second sentence of paragraph 3 are based on a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.  The allegations in the third sentence of paragraph 3 consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

---

1      Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

4.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Mr. Hernandez admits that W Holding filed documents with the Securities and Exchange Commission (the "SEC") and issued press releases until the Termination Date, but those documents speak for themselves, and Mr. Hernandez denies any erroneous, incomplete or out-of-context characterization of them.  Mr. Hernandez denies the remaining allegations in paragraph 4 of the Amended Complaint.

5.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Mr. Hernandez denies the remaining allegations in paragraph 5.

6.    The allegations in paragraph 6 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

7.    The allegations in paragraph 7 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

8.    The allegations in paragraph 8 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

9.    The allegations in paragraph 9 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

10.     Mr. Hernandez admits that Lead Plaintiffs filed certifications with the Court, but Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Amended Complaint, and therefore denies those allegations.

11.     The allegations in paragraph 11 of the Amended Complaint are directed at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

12.     The allegations in paragraph 12 of the Amended Complaint are directed at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

13.     Mr. Hernandez admits that he was W Holding's Corporate Comptroller until July 2005, when he became W Holding's Chief Financial Officer ("CFO"), that he resigned on June 13, 2006, to spend more time with his family and pursue other personal interests, and that he received bonuses of $634,167, $514,167, and $620,833 in 2003 through 2005, respectively.  Mr. Hernandez admits that W Holding filed reports with the SEC, but those reports speak for themselves, and Mr. Hernandez denies any erroneous, incomplete or out-of-context characterization thereof.  Mr. Hernandez denies the remaining allegations in paragraph 13 of the Amended Complaint.

14.     The allegations in paragraph 14 of the Amended Complaint are directed at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.[2]

---

[2]     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2 of the Amended Complaint, and therefore denies those allegations.

15.    The allegations in paragraph 15 of the Amended Complaint are directed at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.3

16.    The allegations in paragraph 16 of the Amended Complaint are directed at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

17.    The allegations in paragraph 17 of the Amended Complaint are directed at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

18.    Mr. Hernandez admits that Lead Plaintiffs purport in the first sentence of this paragraph to use a defined term in the Amended Complaint.  The remaining allegations in paragraph 18 consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

19.    The allegations in paragraph 19 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the

---

3    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 3 of the Amended Complaint, and therefore denies those allegations.

Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

20.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Further, the allegations in paragraph 20 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

21.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in paragraph 21 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

22.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in paragraph 22 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

23.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in paragraph

23 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

24.     The allegations in the first, fourth, and fifth sentences of paragraph 24 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations. Mr. Hernandez admits that W Holding's stock was traded on the New York Stock Exchange (the "NYSE"), but he denies the remaining allegations in the second sentence of paragraph 24. Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 24, and therefore denies those allegations.

25.     The allegations in paragraph 25 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

26.     The allegations in paragraph 26 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

27.     The allegations in paragraph 27 of the Amended Complaint (including subparagraphs (a)-(d) thereof) consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

28.    The allegations in paragraph 28 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

29.    The allegations in the first two sentences of paragraph 29 of the Amended Complaint are directed at parties other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations. 4/ Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations. 5/

30.    Mr. Hernandez admits that W Holding's asset base and net loans on December 31, 2003, were $11.53 billion and $4.68 billion, respectively.  However, these figures and the documents from which they are derived, speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.  Mr. Hernandez also lacks knowledge about financial information and figures after the Termination Date, and therefore denies the allegations about financial information and figures after the Termination Date.  Mr. Hernandez denies the remaining allegations in paragraph 30 of the Amended Complaint.

31.    The allegations in the fifth sentence of paragraph 31 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Mr. Hernandez admits that Westernbank acquired the loan portfolio of Congress Credit Corporation, which specialized in commercial loans secured principally by accounts

---

4/    The allegations in footnote 4 of the Amended Complaint are directed at parties other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

5/    Mr. Hernandez denies the allegations in footnote 5 of the Amended Complaint.

receivables, inventory and equipment, on June 15, 2001, for $163.8 million. Also, Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint related to events after the Termination Date, and therefore denies the allegations about the third quarter of 2006. Mr. Hernandez denies the remaining allegations in paragraph 31. 6/

32.    Mr. Hernandez admits that Business Credit had outstanding loans of $427.7 million at December 31, 2002. Mr. Hernandez also admits that Business Credit had outstanding loans of $641.1 million on December 31, 2003, and $831.1 million on December 31, 2004, and that Westernbank's total net loans on those dates were $4.68 billion and $5.92 billion, respectively. Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

33.    Mr. Hernandez admits that the allowance for loan losses for Business Credit was $4.5 million at December 31, 2002, $6.6 million at December 31, 2003, $12.9 million at December 31, 2004, and that Business Credit took loan charge-offs of $0.505 million in 2002. However, these figures and the documents from which they are derived speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterizations of them. Mr. Hernandez denies the remaining allegations in paragraph 33 of the Amended Complaint. 7/

34.    The allegations in the first sentence of paragraph 34 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.

---

6/    Mr. Hernandez denies the allegations in footnote 6 of the Amended Complaint.

7/    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 7 of the Amended Complaint, and therefore denies those allegations.

To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Further, those disclosures speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.  Mr. Hernandez admits that a $46 million loan to Inyx closed on March 31, 2005, which included a revolving loan and was secured by nearly all of Inyx's assets, including inventories and accounts receivable.  Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  The allegations in the sixth, seventh, and eighth sentences of paragraph 34 refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.  Mr. Hernandez denies the remaining allegations in paragraph 34.

35.     The allegations in paragraph 35 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

36.     The allegations in the sixth sentence of paragraph 36 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  The remaining allegations in paragraph 36 refer to documents which speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

37.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint, and therefore denies those allegations. 8/

38.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

39.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  The allegations in the fourth sentence of paragraph 39 refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

40.     The allegations in the seventh sentence of paragraph 40 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

41.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in paragraph

---

8/       Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 8 of the Amended Complaint, and therefore denies those allegations.

41 of the Amended Complaint refer to documents which speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterizations of them.

42.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Furthermore, the allegations in the second sentence of paragraph 42 refer to documents which speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

43.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Furthermore, the allegations in the fourth sentence of paragraph 43 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  The remaining allegations in paragraph 43 refer to documents which speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

44.    The allegations in the third sentence of paragraph 44 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Further, Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  The remaining allegations in paragraph 44 refer to documents which speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

45.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint related to events after the Termination Date and therefore denies those allegations.  Furthermore, to the extent that the allegations in paragraph 45 refer to documents which speak for themselves, Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

46.    The allegations in paragraph 46 of the Amended Complaint are directed at a party other than Mr. Hernandez.  Further, Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

47.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Further, the allegations in paragraph 47 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

48.    Mr. Hernandez denies the allegations in the first sentence of paragraph 48 of the Amended Complaint.  Mr. Hernandez admits that W Holding filed its Form 10-K for the year ending December 31, 2005, on April 24, 2006, but to the extent that the remaining allegations in paragraph 48 refer to that document, it speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

49.     The allegations in paragraph 49 of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

50.     The allegations in paragraph 50 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

(a)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50(a) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Furthermore, the allegations in the first sentence of paragraph 50(a) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  The allegations in the fifth and sixth sentences of paragraph 50(a) refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterizations of it.  Mr. Hernandez lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50(a), and therefore deny those allegations.

(b)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50(b) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Furthermore, the allegations in paragraph 50(b) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Further, the documents referred toin

paragraph 50(b) speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

(c)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50(c) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Furthermore, the allegations in paragraph 50(c) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

(d)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50(d) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Furthermore, the allegations in paragraph 50(d) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

(e)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50(e) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Furthermore, the allegations in the first sentence of paragraph 50(e) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

(f)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50(f) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Furthermore, the allegations

in the first and second sentences of paragraph 50(f) consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations. Further, the documents referred to in paragraph 50(f) speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them. Mr. Hernandez denies the remaining allegations in paragraph 50(f).

(g)    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50(g) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations. Furthermore, the allegations in the first and second sentences of paragraph 50(g) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations. Further, the documents referred to in paragraph 50(g) speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them. Mr. Hernandez denies the allegations in the third sentence of paragraph 50(g).

51.    Mr. Hernandez admits that W Holding issued a press release on May 3, 2006, but to the extent that the remaining allegations in paragraph 51 of the Amended Complaint refer to that document, it speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterizations of it.

52.    Mr. Hernandez admits that the closing price per share of W Holding's common stock was $7.93 on May 5, 2006, but that figure and the documents from which it was derived speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

53.     Mr. Hernandez admits that W Holding filed its Form 10-Q for the quarter ending March 31, 2006, on May 10, 2006, but to the extent that the remaining allegations in paragraph 53 of the Amended Complaint refer to that document, it speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

54.     The allegations in paragraph 54 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Further, the documents referred to there speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.  Mr. Hernandez expressly incorporates his response to paragraph 50 (including subparagraphs (a)-(g)) in his response to paragraph 54.

55.     Mr. Hernandez admits that W Holding issued a press release on June 13, 2006, but to the extent that the remaining allegations in paragraph 55 of the Amended Complaint refer to that document, it speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

56.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the document referred to there speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

57.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the document referred to there

speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

58.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the documents referred to there speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.   Mr. Hernandez expressly incorporates his response to paragraph 50 (including subparagraphs (a)-(g)) in his response to paragraph 58.

59.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the document referred to there speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

60.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the document referred to there speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

61.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the documents referred to there speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-

context characterization of them.   Mr. Hernandez expressly incorporates his response to paragraph 50 (including subparagraphs (a)-(g)) in his response to paragraph 61.

(a)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61(a) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in the first sentence of paragraph 61(a) of the Amended Complaint refer to documents which speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.  The allegations in the second sentence of paragraph 61(a) consist of legal conclusions and contain no factual allegations to which a response is required.   To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Further, those documents speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

(b)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61(b) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

(c)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61(c) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in paragraph 61(c) of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

62.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the document referred to there

speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

63.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the document referred to there speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

64.     The allegations in paragraph 64 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Further, the documents referred to there speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.  Also, Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Mr. Hernandez expressly incorporates his responses to paragraph 50 (including subparagraphs (a)-(g)) and 61 (including subparagraphs (a)-(c)) in his response to paragraph 64.

65.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Further, the document referred to there speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

66.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Amended Complaint related to events after the

Termination Date, and therefore denies those allegations.  Further, the document referred to there speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

67.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Further, the document referred to there speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

68.     The allegations in paragraph 68 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Further, the documents referred to there speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.  Also, Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Mr. Hernandez expressly incorporates his responses to paragraph 50 (including subparagraphs (a)-(g)) and 61 (including subparagraphs (a)-(c) in his response to paragraph 68.

(a)     The allegation in the first sentence of paragraph 68(a) of the Amended Complaint refers to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.  The allegations in the second sentence of paragraph 68(a) consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  Further, the documents referred to in the second sentence of paragraph

68(a) speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.   Also, Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68(a) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

(b)   Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68(b) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Further, the allegations in paragraph 68(b) of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

(c)   Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68(c) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Further, the allegations in paragraph 68(c) of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

(d)   Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68(d) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Further, the allegations in paragraph 68(d) of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

69.   Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Further, the document referred to

there speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

70.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.   Further, the documents referred to there speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

71.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

72.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

73.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the document referred to there speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it. 9/

74.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the document referred to there

---

9/       Mr. Hernandez admits that Consolidated Reports of Condition and Income are filed with banking regulators in accordance with the rules of the Federal Deposit Insurance Corporation. Mr. Hernandez denies the remaining allegations in footnote 9 of the Amended Complaint.

speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

75.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in paragraph 75 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

76.     The allegations in paragraph 76 of the Amended Complaint refer to documents which speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

77.     The allegations in paragraph 77 of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

78.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in paragraph 78 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part at a party other than Mr. Hernandez.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

(a)     The allegations in paragraph 78(a) of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

(b)     The allegations in paragraph 78(b) of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

(c)     The allegations in paragraph 78(c) of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

(d)     The allegations in paragraph 78(d) of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

(e)     The allegations in paragraph 78(e) of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

(f)     The allegations in paragraph 78(f) of the Amended Complaint refer to a document which speaks for itself, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of it.

79.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in paragraph 79 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

80.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in paragraph 80 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

81.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in the first sentence of paragraph 81 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.  The allegations in the second sentence of paragraph 81 of the Amended Complaint refer to documents which speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.  Mr. Hernandez admits that Westernbank's Senior Credit Committee (the "SCC") is composed of a majority of the members of W Holding's board of directors and senior lending officers.  Mr. Hernandez denies the remaining allegations in paragraph 81.

82.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in the first sentence of paragraph 82 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which response is required, and are directed in part at a party other than Mr.

Hernandez. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations. Mr. Hernandez denies the remaining allegations in paragraph 82.

83. Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations. Further, the allegations in paragraph 83 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

84. Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations. Further, the allegations in paragraph 84 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

85. Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations. Further, the allegations in paragraph 85 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

86. Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations. Further, the allegations in paragraph

86 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

87.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations. Further, the allegations in paragraph 87 consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

88.    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations. Further, the allegations in paragraph 88 consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

(a)    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88(a) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations. Mr. Hernandez admits that W Holding's common stock met the requirements of and was listed and traded on the NYSE until the Termination Date. Mr. Hernandez denies the remaining allegations in paragraph 88(a) of the Amended Complaint.

(b)    Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88(b) of the Amended Complaint related to events

after the Termination Date, and therefore denies those allegations.  Mr. Hernandez admits that W Holding filed disclosures with, and as required by, applicable regulating bodies until the Termination Date.  Mr. Hernandez denies the remaining allegations in paragraph 88(b) of the Amended Complaint.

(c)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88(c) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Mr. Hernandez admits that W Holding issued press releases and responded to media inquiries from the financial press and other reporting services.  Mr. Hernandez admits that W Holding filed disclosures with, and as required by, applicable regulating bodies until the Termination Date.  Mr. Hernandez denies the remaining allegations in paragraph 88(c) of the Amended Complaint.

(d)     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88(d) of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.

89.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in paragraph 89 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

90.     Mr. Hernandez lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Amended Complaint related to events after the Termination Date, and therefore denies those allegations.  Further, the allegations in the first and

fourth sentences of paragraph 90 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations. The allegations in the second and third sentences of paragraph 90 refer to documents which speak for themselves, and Mr. Hernandez denies any erroneous, incomplete, or out-of-context characterization of them.

## COUNT I

91.     Mr. Hernandez restates and incorporates by reference his answers to the allegations in paragraphs 1 through 90 of the Amended Complaint as if each were set forth fully here.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

## COUNT II

96.     Mr. Hernandez restates and incorporates by reference his answers to the allegations in paragraphs 1 through 90 of the Amended Complaint as if each were set forth fully here.

97.     The allegations in paragraph 97 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part at a party other than Mr. Hernandez. To the extent a response by Mr. Hernandez is required, Mr. Hernandez denies those allegations.

WHEREFORE, Mr. Hernandez requests that Lead Plaintiffs' request for relief be denied, the Amended Complaint be dismissed with prejudice, Mr. Hernandez be awarded costs and fees

incurred in defending this action, and Mr. Hernandez be granted such other relief as the Court deems appropriate.

## ADDITIONAL DEFENSES

Without assuming the burden of proof on any matters for which that burden rests on Lead Plaintiffs, Mr. Hernandez asserts the following Defenses:

## FIRST DEFENSE

The Amended Complaint fails to state a claim against Mr. Hernandez upon which relief can be granted.

## SECOND DEFENSE

The Amended Complaint fails to comply with the requirements of the PSLRA.

## THIRD DEFENSE

The Amended Complaint fails to plead its claims against Mr. Hernandez with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, by Lead Plaintiffs' own fault, unclean hands, laches, undue delay, waiver, or estoppel.

## FIFTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because any allegedly false or misleading statements by Mr. Hernandez were forward-looking statements protected by the Safe Harbor provisions of the PSLRA or the bespeaks caution doctrine.

## SIXTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because the alleged statements of Mr. Hernandez did not contain any material misrepresentations or

omissions or because the misrepresentations or omissions allegedly relied upon by Lead Plaintiffs were not material.

## SEVENTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because at all relevant times any persons who made statements on behalf of Mr. Hernandez did not have actual knowledge that any of the alleged misstatements identified in the Amended Complaint was false.

## EIGHTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred because at all relevant times Mr. Hernandez acted diligently and reasonably and had a good faith belief that each of the alleged misstatements identified in the Amended Complaint was accurate.

## NINTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because every act or omission alleged in the Amended Complaint was done or omitted in good faith and conformed to rules and regulations of the SEC, and therefore, pursuant to Section 23(a)(1) of the Securities Exchange Act of 1934, there is no liability for any act or omission alleged.

## TENTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because they seek to impose upon Mr. Hernandez disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws, including the Securities Act of 1933, the Securities Exchange Act of 1934, and the rules and regulations promulgated thereunder by the SEC.

**ELEVENTH DEFENSE**

Lead Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to hold Mr. Hernandez liable for statements made or actions taken by persons or entities other than Mr. Hernandez, who were not acting as authorized agents of the Mr. Hernandez and to further Mr. Hernandez' interests.

**TWELFTH DEFENSE**

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because Mr. Hernandez made no statement in connection with the purchase or sale of W Holding's common stock.

**THIRTEENTH DEFENSE**

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because no act or omission of Mr. Hernandez was a cause in fact or the proximate cause of any damage to Lead Plaintiffs.

**FOURTEENTH DEFENSE**

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because no act or omission of Mr. Hernandez was the sole or partial cause of any damage or loss that Lead Plaintiffs allegedly suffered.

**FIFTEENTH DEFENSE**

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because any increase or decrease in the market value of Lead Plaintiffs' stock was the result of market or other factors and not the alleged wrongful conduct on the part of Mr. Hernandez.

**SIXTEENTH DEFENSE**

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because the injuries, if any, sustained by them as alleged in the Amended Complaint were not caused by Mr.

Hernandez, but were instead caused by the actions or inactions of other persons or entities over whom Mr. Hernandez had no control or by economic, market, or other events that were outside Mr. Hernandez' control.  These actions, inactions, and events were intervening or superseding causes of the alleged injuries.

## SEVENTEENTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because Lead Plaintiffs did not rely upon the misrepresentations or misleading statements alleged.

## EIGHTEENTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because Plaintiffs cannot prove reliance upon any alleged misrepresentation or omission at issue.

## NINETEENTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, to the extent that they would have purchased W Holding's common stock even with full knowledge of the facts that they allege were misrepresented or omitted.

## TWENTIETH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because the actions or inactions of Mr. Hernandez were not the sole or partial cause of any decision by any plaintiff to purchase or sell W Holding's common stock.

## TWENTY-FIRST DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because Lead Plaintiffs did not exercise reasonable care to discover the facts relating to the alleged misstatements or omissions.

## TWENTY-SECOND DEFENSE

Lead Plaintiffs claims against Mr. Hernandez are barred, in whole or in part, because they failed to exercise due care with respect to the transactions on which their claims are premised.

## TWENTY-THIRD DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, because Lead Plaintiffs assumed the risks disclosed in Mr. Hernandez's registration statements, public filings, and other public disclosures and those risks came to fruition to cause Lead Plaintiffs' alleged losses. Lead Plaintiffs, who purchased with knowledge of these risks, or knowledge of adverse events at W Holding or Westernbank, likewise assumed the risks that there would be further deterioration in the price or value of W Holding's common stock, such that their damages are not recoverable as a matter of law.

## TWENTY-FOURTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because Lead Plaintiffs have failed to mitigate their damages, if any, and failed to exercise due to diligence in an effort to mitigate their alleged damages.

## TWENTY-FIFTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because Mr. Hernandez is not jointly and severally liable for the conduct of any other defendant or for damages caused by any other defendant or person.

## TWENTY-SIXTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because Mr. Hernandez is entitled to have his liability eliminated or diminished due to the culpable conduct of persons or entities other than Mr. Hernandez.

## TWENTY-SEVENTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because Lead Plaintiffs benefited from the allegedly inflated market price of W Holding's common stock.

## TWENTY-EIGHTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, to the extent that Lead Plaintiffs have recovered, through dividends, sale, tender, liquidation, or other means, all or some of the amounts they supposedly expended to acquire W Holding's common stock.

## TWENTY-NINTH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because the damages sought exceed those permitted under Securities Act of 1933, the Securities Exchange Act of 1934, and the rules and regulations promulgated thereunder by the SEC.

## THIRTIETH DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because Lead Plaintiffs are not entitled to attorneys' fees under any act or theory on which Lead Plaintiffs' claims are based.

## THIRTY-FIRST DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because Lead Plaintiffs lack standing to pursue claims against Mr. Hernandez.

## THIRTY-SECOND DEFENSE

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because this action is not maintainable as a class action.

### <u>THIRTY-THIRD DEFENSE</u>

Lead Plaintiffs' claims against Mr. Hernandez are barred, in whole or in part, because none of the Lead Plaintiffs' may properly serve as a class representative.

### <u>THIRTY-FOURTH DEFENSE</u>

Mr. Hernandez adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant, to the extent that Mr. Hernandez may share in such a defense.

### <u>THIRTY-FIFTH DEFENSE</u>

Mr. Hernandez reserves the right to raise any additional defenses, cross-claims, and third-party claims not asserted here of which he may become aware through discovery or other

investigation.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 25th day of August, 2009.

Pedro E. Ruiz Law Offices, PSC
P.O. Box 190879
San Juan, Puerto Rico 00919-0879
Telephone:    (787) 622-6232
Fax:            (787) 622-6230
E-mail:         pruiz@ruizlawoffices.com

By:___**s/Pedro E. Ruiz Meléndez**
      Pedro E. Ruiz Meléndez
      USDC-PR No. 208311

Andrés Rivero, Esq. (PHV)
M. Paula Aguila, Esq. (PHV)
Rivero Mestre & Castro
2525 Ponce de León Blvd.,
Suite 1000
Miami, Florida 33134
Telephone:    (305) 445-2500
Fax:            (305) 445-2505
Email:          arivero@rmc-attorneys.com
             paguila@rmc-attorneys.com

*Attorneys for Ricardo Hernandez.*

## CERTIFICATE OF SERVICE

    I CERTIFY that on August 25, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

               **s/Pedro E. Ruiz Meléndez**
               Pedro E. Ruiz Meléndez

## <u>SERVICE LIST</u>

Hildebrand v. W Holding Company, Inc., et al.
Case No. 3:07-cv-01886-JAG
United States District Court, District of Puerto Rico

Andrés W. López, Esq.
Andrés W. López Law Office
207 Del Parque Street, Third Floor
San Juan, Puerto Rico 00912
E-mail: andreswlopez@yahoo.com

Eric M. Quetglas-Jordan
Quetglas Law Office
Post Office Box 16606
San Juan, Puerto Rico 00908-6606
E-mail: eric@quetglaslaw.com

PHV Robert M. Rothman
Coughlin Stoia Geller Rudman &
Robbins LLP
58 South Service Road, Suite 200
Melville, New York 11747
E-mail: rrothman@csgrr.com

PHV Deborah Clark-Weintraub
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: dweintraub@wdklaw.com

Jane A. Becker-Whitaker
Jane Becker Whitaker, PSC
Post Office Box 9023914
San Juan, Puerto Rico 00902-3914
E-mail: janebeckerwhitaker@yahoo.com

PHV Joe R. Whatley Jr.
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: ecf@wdklaw.com

PHV Joseph P. Guglielmo
Scott + Scott LLP
29 West 57th Street, 14th Floor
New York, New York 10019
E-mail: jguglielmo@scott-scott.com

PHV Lili R. Sabo
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: lsabo@wdklaw.com

PHV Richard P. Rouco
Whatley, Drake & Kallas, LLC
Post Office Box 10647
Birmingham, Alabama 35202-0647
E-mail: rrouco@wdklaw.com

Annette Cortes-Arcelay
Adsuar Muniz Goyco Seda & Perez
Ochoa PSC
Post Office Box 70294
San Juan, Puerto Rico 00936-8294
E-mail: acortes@amgprlaw.com

Eric Perez-Ochoa
Adsuar Muniz Goyco Seda & Perez
Ochoa PSC
Post Office Box 70294
San Juan, Puerto Rico 00936-8294
E-mail:  epo@amgprlaw.com

PHV George H. Mernick, III
Hogan & Hartson, LLP
8300 Greensboro Drive
Suite 1100
McLean, Virginia 22102
E-mail:  ghmernick@hhlaw.com

PHV Jon M. Talotta
Hogan & Hartson, LLP
8300 Greensboro Drive
Suite 1100
McLean, Virginia 22102
E-mail:  jmtalotta@hhlaw.com

PHV N. Thomas Connally
Hogan & Hartson, LLP
8300 Greensboro Drive
Suite 1100
McLean, Virginia 22102
E-mail:  ntconnally@hhlaw.com

Harry Anduze-Montano
Harry Anduze Montano Law Office
1454 Fernandez Juncos Ave.
San Juan, PR 00909
E-mail: handuze@microjuris.com

**s/Pedro E. Ruiz Meléndez**
Pedro E. Ruiz Meléndez

1475.02\PLEADINGS\ANS R. HERNANDEZ 08.25.09