**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

_____

SAMUEL HILDENBRAND, on behalf of )
himself and all others similarly situated, )
)
Plaintiff, )
)
v. )
)
W HOLDING, INC., *et al*., )
)
)
_____ )

)
)
)     CIVIL No. 07-1886(JAG)
)     (Consolidated)
)
)
)     RE: SECURITIES CLASS ACTION
)
)
)
)

**ANSWER OF DEFENDANTS**
**FREDDY PEREZ MALDONADO, NORBERTO RIVERA AND FRANK C. STIPES**

Andrés Rivero, Esq. (PHV)
M. Paula Aguila, Esq. (PHV)
Rivero Mestre & Castro
2525 Ponce de León Blvd.
Suite 1000
Miami, Florida 33134

DATED: August 25, 2009

Pedro E. Ruiz Meléndez
USDC-PR No. 208311
Pedro E. Ruiz Law Offices, PSC
P.O. Box 190879
San Juan, Puerto Rico 00919-0879

*Attorneys for Freddy Perez Maldonado,*
*Norberto Rivera and Frank C. Stipes*

Defendants Freddy Perez Maldonado ("Maldonado"), Norberto Rivera ("Rivera"), and Frank C. Stipes ("Stipes") (together, the "Defendants"), answer the Consolidated Amended Complaint for Violations of Federal Securities Laws (the "Amended Complaint") of lead plaintiffs Felix Rivera, José A. Nicolao, Fundación Rios Pasarell, Inc. and Efren E. Moreno ("Lead Plaintiffs") as follows:

**<u>ANSWER</u>**

Except to the extent expressly admitted here, Defendants deny each and every allegation in the Amended Complaint. The numbered paragraphs in this answer correspond to the numbered paragraphs of the Amended Complaint.

1.      The allegations in paragraph 1 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

2.      The allegations in the first and third sentences of paragraph 2 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations, and further respond that the documents referred to there speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of those documents.  Defendants admit that Inyx misrepresented the existence of certain assets offered as collateral, but Defendants deny the remaining allegations in paragraph 2 of the Amended Complaint. 1/

3.      Defendants deny the allegations in the first sentence of paragraph 3 of the Amended Complaint.  The allegations in the second sentence of paragraph 3 are based on a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.  The allegations in the third sentence of paragraph 3 consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

4.      Defendants admit that W Holding filed documents with the Securities and Exchange Commission (the "SEC") and issued press releases during the alleged Class Period, but those documents speak for themselves, and Defendants deny any erroneous, incomplete or

---

1/      Defendants admit that Westernbank and Inyx (and other parties related to Inyx) have asserted claims against each other in the District of Puerto Rico relating to, among other things, the Inyx loan.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in footnote 1 of the Amended Complaint, and therefore deny those allegations.

out-of-context characterization of them. Defendants also admit that, in or after May 2007, Westernbank's Business Credit Division ("Business Credit") was placed under the direct management and supervision of a specially-appointed senior credit management committee composed of officers outside of the asset-based lending division, which took supervisory control of the division and performed an overall credit and operational review (the "Committee Investigation"), and made changes to the operations of the division. Defendants deny the remaining allegations in paragraph 4 of the Amended Complaint.

5.      Defendants admit that W Holding filed a Form 8-K with the SEC on June 25, 2007, but that document speaks for itself, and Defendants deny any erroneous, incomplete or out-of-context characterization of it. The allegations in the third sentence of paragraph 5 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations. Defendants deny the remaining allegations in paragraph 5.

6.      The allegations in paragraph 6 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.

7.      The allegations in paragraph 7 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.

8.      The allegations in paragraph 8 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.

9.      The allegations in paragraph 9 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

10.     Defendants admit that Lead Plaintiffs filed certifications with the Court, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Amended Complaint, and therefore deny those allegations.

11.     The allegations in paragraph 11 of the Amended Complaint are directed at a party other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

12.     The allegations in paragraph 12 of the Amended Complaint are directed at a party other than Defendants Rivera and Maldonado. Defendant Frank Stipes admits that he served as Chief Executive Officer ("CEO") of W Holding and Chairman of both W Holding and Westernbank during the alleged Class Period, that he became President and CEO of Westernbank on March 29, 2007, and that he received bonuses of $1,524,833, $1,824,792, $1,229,167, and $29,167 in 2003 through 2006, respectively.  He also admits that W Holding filed reports with the SEC during the alleged Class Period, but those reports speak for themselves, and he denies any erroneous, incomplete or out-of-context characterization of them.  He further denies the remaining allegations in paragraph 12 of the Amended Complaint.

13.     The allegations in paragraph 13 of the Amended Complaint are directed at a party other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

14.     The allegations in paragraph 14 of the Amended Complaint are directed at a party other than Defendants Rivera and Stripes.  Defendant Freddy Maldonado admits that he was W Holding's CFO until July 2005, when he became its President and Chief Investments Officer, and that he received bonuses of $741,250, $921,250, and $625,000 in 2003 through 2005, respectively.  He also admits that W Holding filed reports with the SEC during the alleged Class Period, but those reports speak for themselves, and he denies any erroneous, incomplete, or out-of-context characterization of them.  He further denies the remaining allegations in paragraph 14 of the Amended Complaint. 2/

15.     The allegations in paragraph 15 of the Amended Complaint are directed at a party other than Defendants Maldonado and Stipes.  Defendant Norberto Rivera admits that he has been W Holding's Chief Accounting Officer since June 13, 2006, W Holding's Vice President Corporate Comptroller since July 12, 2005, Westernbank's Vice President Comptroller since May 10, 2004, and that he received a bonus of $166,205 in 2006.  He also admits that W Holding filed reports with the SEC during the alleged Class Period, but those reports speak for themselves, and he denies any erroneous, incomplete, or out-of-context characterization thereof.  He further denies the remaining allegations in paragraph 15 of the Amended Complaint. 3/

16.     The allegations in paragraph 16 of the Amended Complaint are directed at a party other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

---

2/     Defendants admit that W Holding did not disclose a bonus for Maldonado for the year 2006, because Maldonado did not receive a bonus in 2006.

3/     Defendants admit that W Holding did not disclose a bonus for Rivera before 2006. Defendants deny the remaining allegations in footnote 3 of the Amended Complaint.

17.     The allegations in paragraph 17 of the Amended Complaint are directed at a party other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

18.     Defendants admit that Lead Plaintiffs purport in the first sentence of this paragraph, to use a defined term in the Amended Complaint.  The remaining allegations in paragraph 18 consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part toward a party other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

19.     The allegations in paragraph 19 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part toward a party other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

20.     The allegations in paragraph 20 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part toward a party other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

21.     The allegations in paragraph 21 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part toward a party other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

22.     The allegations in paragraph 22 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in

part toward a party other than Defendants. To the extent that a response by Defendants is required, Defendants deny those allegations.

23.    The allegations in paragraph 23 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.

24.    The allegations in the first, fourth, and fifth sentences of paragraph 24 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations. Defendants admit that W Holding's stock was traded on the New York Stock Exchange (the "NYSE") during the alleged Class Period, but Defendants deny the remaining allegations in the second sentence of paragraph 24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 24, and therefore deny those allegations.

25.    The allegations in paragraph 25 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.

26.    The allegations in paragraph 26 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.

27.    The allegations in paragraph 27 of the Amended Complaint (including subparagraphs (a)-(d) thereof) consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.

28.    The allegations in paragraph 28 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

29.    The allegations in the first two sentences of paragraph 29 of the Amended Complaint are directed at parties other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations. 4/  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 29 of the Amended Complaint, and therefore deny those allegations. 5/

30.    Defendants admit that W Holding's asset base and net loans on December 31, 2003 were $11.53 billion and $4.68 billion, respectively, and that W Holding reported that Westernbank was the second-largest bank in Puerto Rico at the end of 2006, based on total assets. However, these figures and the documents from which they are derived, speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them. Defendants deny the remaining allegations in paragraph 30 of the Amended Complaint.

31.    The allegations in the fifth sentence of paragraph 31 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations. Defendants admit that Westernbank acquired the loan portfolio of Congress Credit Corporation, which specialized in commercial loans secured principally by accounts receivables, inventory and equipment, on June 15, 2001 for $163.8 million.  Defendants also admit that W Holding reported that the average yield on loans in the Business Credit Division on September 30, 2006

---

4/    The allegations in footnote 4 of the Amended Complaint are directed at parties other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

5/    Defendants deny the allegations in footnote 5 of the Amended Complaint.

was 9.84% and that the average yield on all assets during the third quarter of 2006 was 6.23%. However, these figures, and the documents from which they are derived, speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them. Defendants deny the remaining allegations in paragraph 31. <u>6</u>/

32.    Defendants admit that Business Credit had outstanding loans of $427.7 million at December 31, 2002.  Defendants also admit that Business Credit had outstanding loans of $641.1 million on December 31, 2003 and $831.1 million on December 31, 2004, and that Westernbank's total net loans on those dates were $4.68 billion and $5.92 billion, respectively. Defendants deny that the outstanding loans to Inyx increased to $85.4 million by December 31, 2005.  However, these figures and the documents from which they are derived speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.  Defendants deny the remaining allegations in paragraph 32 of the Amended Complaint.

33.    Defendants admit that the allowance for loan losses for Business Credit was $4.5 million at December 31, 2002, $6.6 million at December 31, 2003, $12.9 million at December 31, 2004, and that Business Credit took loan charge-offs of $0.505 million in 2002.  However, these figures and the documents from which they are derived speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterizations of them.  Defendants deny the remaining allegations in paragraph 33 of the Amended Complaint. <u>7</u>/

34.    The allegations in the first sentence of paragraph 34 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.

<u>6</u>/    Defendants deny the allegations in footnote 6 of the Amended Complaint.

<u>7</u>/    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 7 of the Amended Complaint, and therefore deny those allegations.

Further, those disclosures speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them. Defendants admit that a $46 million loan to Inyx closed on March 31, 2005, which included a revolving loan and was secured by nearly all of Inyx's assets, including inventories and accounts receivable, and that employees of Business Credit worked to monitor Inyx's assets. Defendants admit that after the Committee Investigation, Defendants became aware that the employees of Business Credit had been deceived by Inyx. The allegations in the sixth, seventh, and eighth sentences of paragraph 34 refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it. Defendants deny the remaining allegations in paragraph 34.

35.    The allegations in paragraph 35 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.

36.    The allegations in the sixth sentence of paragraph 36 of the Amended Complaint consists of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations. The remaining allegations in paragraph 36 refer to documents which speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

37.    Defendants admit that after the Committee Investigation, Defendants became aware that Inyx actively sought to conceal its true financial condition from Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 37 of the Amended Complaint, and therefore deny those allegations. <u>8</u>/

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint, and therefore deny those allegations.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 39 of the Amended Complaint, and therefore deny those allegations.  The allegations in the fourth sentence of paragraph 39 refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.  Defendants admit that Westernbank loaned funds to Inyx in August 2005 for Inyx's acquisition of Ashton Pharmaceuticals in the United Kingdom.<u>9</u>   Defendants deny the remaining allegations in paragraph 39.

40.    The allegations in the seventh sentence of paragraph 40 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.   To the extent that a response by Defendants is required, Defendants deny those allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40, and therefore deny those allegations.

---

<u>8</u>/    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 8 of the Amended Complaint, and therefore deny those allegations.

<u>9</u> As to defendants Maldonado and Rivera, they became aware of this loan only after the Committee Investigation.

41.     The allegations in paragraph 41 of the Amended Complaint refer to documents which speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterizations of them.

42.     Defendants deny the allegations in the first and third sentences of paragraph 42 of the Amended Complaint.  The allegations in the second sentence of paragraph 42 refer to documents which speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

43.     The allegations in the fourth sentence of paragraph 43 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.  The remaining allegations in paragraph 43 refer to documents which speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

44.     The allegations in the third sentence of paragraph 44 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.  The remaining allegations in paragraph 44 refer to documents which speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

45.     Defendants deny the allegations in the third sentence of paragraph 45 of the Amended Complaint.  The remaining allegations in paragraph 45 refer to documents which speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

46.     The allegations in paragraph 46 of the Amended Complaint are directed at parties other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

47.     The allegations in paragraph 47 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

48.     Defendants deny the allegations in the first sentence of paragraph 48 of the Amended Complaint.  Defendants admit that W Holding filed its Form 10-K for the year ending December 31, 2005 on April 24, 2006, but to the extent that the remaining allegations in paragraph 48 refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

49.     The allegations in paragraph 49 of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

50.     The allegations in paragraph 50 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent a response by Defendants is required, Defendants deny those allegations.

(a)     The allegations in the first sentence of paragraph 50(a) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations including as to the amount of the loan balance in November 2005.  The allegations in the fifth and sixth sentences of paragraph 50(a) refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterizations of it.

- 13 -

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50(a), and therefore deny those allegations.

(b)    The allegations in paragraph 50(b) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.  Further, the documents referenced in paragraph 50(b) speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

(c)    The allegations in paragraph 50(c) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

(d)    The allegations in paragraph 50(d) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

(e)    The allegations in the first sentence of paragraph 50(e) of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50(e), and therefore deny those allegations.

(f)    The allegations in the first and second sentences of paragraph 50(f) consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.  Further, the documents referred to in paragraph 50(f) speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.  Defendants admit that, in or

after May 2007, Business Credit was placed under the direct management and supervision of a specially appointed senior credit management committee composed of officers outside of the asset-based lending division, which took supervisory control of the division. An overall credit and operational review was performed. The committee made changes to the operations of the division. Defendants deny the remaining allegations in paragraph 50(f).

(g)    The allegations in the first and second sentences of paragraph 50(g) of the Amended Complaint consists of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations. Further, the documents referenced in paragraph 50(g) speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them. Defendants deny the allegations in the third sentence of paragraph 50(g).

51.    Defendants admit that W Holding issued a press release on May 3, 2006, but to the extent that the remaining allegations in paragraph 51 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterizations of it.

52.    Defendants admit that the closing price per share of W Holding's common stock was $7.93 on May 5, 2006, but that figure and the documents from which it was derived speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

53.    Defendants admit that W Holding filed its Form 10-Q for the quarter ending March 31, 2006 on May 10, 2006, but to the extent that the remaining allegations in paragraph 53 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterizations of it.

54.    The allegations in paragraph 54 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.  Further, the documents referenced there speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.   Defendants expressly incorporate their response to paragraph 50 (including subparagraphs (a)-(g)) in their response to paragraph 54.

55.    Defendants admit that W Holding issued a press release on June 13, 2006, but to the extent that the remaining allegations in paragraph 55 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

56.    Defendants admit that W Holding issued a press release on July 20, 2006, but to the extent that the remaining allegations in paragraph 56 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

57.    Defendants admit that W Holding filed its Form 10-Q for the quarter ending June 30, 2006 on August 17, 2006, but to the extent that the remaining allegations in paragraph 57 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

58.    The allegations in paragraph 58 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.  Further, the documents referenced there speak for themselves, and Defendants deny any erroneous, incomplete, or out-

of-context characterization of them. Defendants expressly incorporate their response to paragraph 50 (including subparagraphs (a)-(g)) in their response to paragraph 58.

59.    Defendants admit that W Holding issued a press release on November 8, 2006, but to the extent that the remaining allegations in paragraph 59 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterizations of it.

60.    Defendants admit that W Holding filed its Form 10-Q for the quarter ending September 30, 2006, on November 9, 2006, but to the extent that the remaining allegations in paragraph 60 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

61.    The allegations in paragraph 61 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations. Further, the documents referenced there speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them. Defendants expressly incorporate their response to paragraph 50 (and subparagraphs (a)-(g) thereof) in their response to paragraph 61.

(a)    The allegations in the first sentence of paragraph 61(a) of the Amended Complaint refer to documents which speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them. The allegations in the second sentence of paragraph 61(a) consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations. Further, those documents speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

- 17 -

(b)    Defendants deny the allegations in paragraph 61(b) of the Amended Complaint.

(c)    The allegations in paragraph 61(c) of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

62.    Defendants admit that W Holding issued a press release on January 30, 2007, but to the extent that the remaining allegations in paragraph 62 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

63.    Defendants admit that W Holding filed its Form 10-K for the year ending December 31, 2006, on February 27, 2007, but to the extent that the remaining allegations in paragraph 63 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

64.    The allegations in paragraph 64 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.  Further, the documents referenced there speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.   Defendants expressly incorporate their response to paragraphs 50 (including subparagraphs (a)-(g)) and 61 (including subparagraphs (a)-(c)) in their response to paragraph 64.

65.    Defendants admit that W Holding issued a press release on March 29, 2007, but to the extent that the remaining allegations in paragraph 65 of the Amended Complaint refer to that

document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

66.     Defendants admit that W Holding issued a press release on May 1, 2007, but to the extent that the remaining allegations in paragraph 66 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterizations of it.

67.     Defendants admit that W Holding filed its Form 10-Q for the quarter ending March 31, 2007, on May 8, 2007, but to the extent that the remaining allegations in paragraph 67 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

68.     The allegations in paragraph 68 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.  Further, the documents referenced there speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.   Defendants expressly incorporate their response to paragraphs 50 (including subparagraphs (a)-(g)) and 61 (including subparagraphs (a)-(c)) in their response to paragraph 68.

(a)     The allegation in the first sentence of paragraph 68(a) of the Amended Complaint refers to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.  The allegations in the second sentence of paragraph 68(a) consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.  Further, the documents referenced in the second sentence of paragraph 68(a)

speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

(b)    The allegations in paragraph 68(b) of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

(c)    The allegations in paragraph 68(c) of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

(d)    The allegations in paragraph 68(d) of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

69.    Defendants admit that W Holding filed a Form 8-K with the SEC on June 25, 2007, but to the extent that the remaining allegations in paragraph 69 of the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

70.    Defendants admit that the closing price per share for W Holding's common stock was $5.01 on June 25, 2007, $3.14 on June 26, 2007, and $2.64 on June 29, 2007. These figures and the documents from which they are derived speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

71.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Amended Complaint, and therefore deny those allegations.

72.    Defendants admit that on August 15, 2007, W Holding received notice from The Nasdaq Stock Market ("Nasdaq") indicating that Series B-H of its preferred securities were subject to potential delisting from Nasdaq due to W Holding's inability to file its Form 10-Q for the quarter ending June 30, 2007 in a timely fashion, and that W Holding was notified by the NYSE that W Holding was not in compliance with the NYSE Listed Company Manual because it had not timely filed its Form 10-K for the year ending December 31, 2007, and that the NYSE could commence delisting proceedings at any time during any period that was available to complete the filing, if circumstances warranted.  Defendants also admit that as of April 28, 2008, W Holding had not filed with the SEC its Form 10-Q for the quarter ending June 30, 2007, its Form 10-Q for the quarter ending September 30, 2007, or its Form 10-Q for the year ended December 31, 2007.  Defendants deny the remaining allegations in paragraph 72 of the Amended Complaint.

73.    Defendants admit that on November 7, 2007, Westernbank amended its Consolidated Reports of Condition and Income (Form FFEIC 041) for the periods ending June 30, 2007, and September 30, 2007, but to the extent that the remaining allegations in paragraph 73 of the Amended Complaint refer to those documents, they speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them. 10/

74.    Defendants admit that as of April 28, 2008 W Holding had not filed with the SEC restated financial statements for the year ended December 31, 2006 or the quarters ended September 30, 2006 and March 31, 2006.  Defendants also admit that W Holding issued a press release on February 5, 2008, but to the extent that the remaining allegations in paragraph 74 of

---

10/    Defendants admit that Consolidated Reports of Condition and Income are filed with banking regulators in accordance with the rules of the Federal Deposit Insurance Corporation. Defendants deny the remaining allegations in footnote 10 of the Amended Complaint.

the Amended Complaint refer to that document, it speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

75.    The allegations in paragraph 75 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

76.    The allegations in paragraph 76 of the Amended Complaint refer to documents which speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

77.    The allegations in paragraph 77 of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

78.    The allegations in paragraph 78 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part toward a party other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.

(a)    The allegations in paragraph 78(a) of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

(b)    The allegations in paragraph 78(b) of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

(c)     The allegations in paragraph 78(c) of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

(d)     The allegations in paragraph 78(d) of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

(e)     The allegations in paragraph 78(e) of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

(f)     The allegations in paragraph 78(f) of the Amended Complaint refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.

79.     The allegations in paragraph 79 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

80.     The allegations in paragraph 80 of the Amended Complaint consist of legal conclusions  and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

81.     The allegations in the first sentence of paragraph 81 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response by Defendants is required, Defendants deny those allegations.  The allegations in the second sentence of paragraph 81 of the Amended Complaint refer to documents which speak for themselves, and Defendants deny any erroneous, incomplete, or out-

of-context characterization of them.  Defendants admit that Westernbank's Senior Credit Committee (the "SCC") is composed of a majority of the members of W Holding's board of directors and senior lending officers.  Defendants also admit that Frank Stipes was a member of the Senior Credit Committee during 2005 and 2006, but the remaining allegations in the fourth sentence of paragraph 81 are directed at a party other than Defendants, and to the extent that a response by Defendants is required, Defendants deny those allegations.  Defendants deny that the outstanding loans to Inyx had increased to $97.5 million by November 2005, but the remaining allegations in the fifth sentence of paragraph 81 refer to a document which speaks for itself, and Defendants deny any erroneous, incomplete, or out-of-context characterization of it.  Defendants deny the remaining allegations in paragraph 81.

82.    The allegations in the first sentence of paragraph 82 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which response is required, and are directed in part toward a party other than Defendants.  To the extent that a response by Defendants is required, Defendants deny those allegations.  Defendants admit that Stipes received bonuses of $1,524,833, $1,824,792, $1,229,167, and $29,167 in 2003 through 2006, respectively; that Maldonado received bonuses of $741,250, $921,250, and $625,000 in 2003-2005, respectively; and that Rivera received a bonus of $166,205 in 2006, respectively, but the remaining allegations in the second sentence of paragraph 82 are directed at a party other than Defendants, and to the extent that a response by Defendants is required, Defendants deny those allegations.  Defendants deny the remaining allegations in paragraph 82.

83.    The allegations in paragraph 83 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

84.     The allegations in paragraph 84 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

85.     The allegations in paragraph 85 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

86.     The allegations in paragraph 86 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

87.     The allegations in paragraph 87 consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

88.     The allegations in paragraph 88 consist of legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

(a)     Defendants admit that W Holding's common stock met the requirements of and was listed and traded on the NYSE during the time period alleged.  Defendants deny the remaining allegations in paragraph 88(a) of the Amended Complaint.

(b)     Defendants admit that W Holding filed disclosures with, and as required by, applicable regulating bodies during the time period alleged.  Defendants deny the remaining allegations in paragraph 88(b) of the Amended Complaint.

(c)     Defendants admit that during the time period alleged, W Holding issued press releases and responded to media inquiries from the financial press and other reporting

services.   Defendants  deny  the  remaining  allegations  in  paragraph  88(c)  of  the  Amended Complaint.

(d)     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88(d) of the Amended Complaint, and therefore deny those allegations.

89.     The  allegations  in  paragraph  89  of  the  Amended  Complaint  consist  of  legal conclusions and contain no factual allegations to which a response is required.  To the extent that a response by Defendants is required, Defendants deny those allegations.

90.     The  allegations  in  the  first  and  fourth  sentences  of  paragraph  90  of  the  Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required.   To  the  extent  that  a  response  by  Defendants  is  required,  Defendants  deny  those allegations.  The allegations in the second and third sentences of paragraph 90 refer to documents which speak for themselves, and Defendants deny any erroneous, incomplete, or out-of-context characterization of them.

## COUNT I

91.     Defendants restate and incorporate by reference their answers to the allegations in paragraphs 1 through 90 of the Amended Complaint as if each were set forth fully here.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

## COUNT II

96.     Defendants restate and incorporate by reference their answers to the allegations in paragraphs 1 through 90 of the Amended Complaint as if each were set forth fully here.

97.     The allegations in paragraph 97 of the Amended Complaint consist of legal conclusions, contain no factual allegations to which a response is required, and are directed in part toward a party other than Defendants.  To the extent a response by Defendants is required, Defendants deny those allegations.

WHEREFORE, Defendants request that Lead Plaintiffs' request for relief be denied, the Amended Complaint be dismissed with prejudice, Defendants be awarded costs and fees incurred in defending this action, and Defendants be granted such other relief as the Court deems appropriate.

## ADDITIONAL DEFENSES

Without assuming the burden of proof on any matters for which that burden rests on Lead Plaintiffs, Defendants assert the following Defenses:

## FIRST DEFENSE

The Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

The Amended Complaint fails to comply with the requirements of the PSLRA.

## THIRD DEFENSE

The Amended Complaint fails to plead its claims against Defendants with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, by Lead Plaintiffs' own fault, unclean hands, laches, undue delay, waiver, or estoppel.

### FIFTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because any allegedly false or misleading statements by Defendants were forward-looking statements protected by the Safe Harbor provisions of the PSLRA or the bespeaks caution doctrine.

### SIXTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because the alleged statements of Defendants did not contain any material misrepresentations or omissions or because the misrepresentations or omissions allegedly relied upon by Lead Plaintiffs were not material.

### SEVENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because at all relevant times any persons who made statements on behalf of Defendants did not have actual knowledge that any of the alleged misstatements identified in the Amended Complaint was false.

### EIGHTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred because at all relevant times Defendants acted diligently and reasonably and had a good faith belief that each of the alleged misstatements identified in the Amended Complaint was accurate.

### NINTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because every act or omission alleged in the Amended Complaint was done or omitted in good faith and

conformed to rules and regulations of the SEC, and therefore, pursuant to Section 23(a)(1) of the Securities Exchange Act of 1934, there is no liability for any act or omission alleged.

## TENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because they seek to impose upon Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws, including the Securities Act of 1933, the Securities Exchange Act of 1934, and the rules and regulations promulgated thereunder by the SEC.

## ELEVENTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to hold Defendants liable for statements made or actions taken by persons or entities other than Defendants, who were not acting as authorized agents of the Defendants and to further Defendants' interests.

## TWELFTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Defendants made no statement in connection with the purchase or sale of W Holding's common stock.

## THIRTEENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because no act or omission of Defendants was a cause in fact or the proximate cause of any damage to Lead Plaintiffs.

## FOURTEENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because no act or omission of the Defendants was the sole or partial cause of any damage or loss that Lead Plaintiffs allegedly suffered.

## FIFTEENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because any increase or decrease in the market value of Lead Plaintiffs' stock was the result of market or other factors and not the alleged wrongful conduct on the part of Defendants.

## SIXTEENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because the injuries, if any, sustained by them as alleged in the Amended Complaint were not caused by Defendants, but were instead caused by the actions or inactions of other persons or entities over whom Defendants had no control or by economic, market, or other events that were outside Defendants' control.  These actions, inactions, and events were intervening or superseding causes of the alleged injuries.

## SEVENTEENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Lead Plaintiffs did not rely upon the misrepresentations or misleading statements alleged.

## EIGHTEENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Plaintiffs cannot prove reliance upon any alleged misrepresentation or omission at issue.

## NINETEENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, to the extent that they would have purchased W Holding's common stock even with full knowledge of the facts that they allege were misrepresented or omitted.

### TWENTIETH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because the actions or inactions of Defendants were not the sole or partial cause of any decision by any plaintiff to purchase or sell W Holding's common stock.

### TWENTY-FIRST DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Lead Plaintiffs did not exercise reasonable care to discover the facts relating to the alleged misstatements or omissions.

### TWENTY-SECOND DEFENSE

Lead Plaintiffs claims against Defendants are barred, in whole or in part, because they failed to exercise due care with respect to the transactions on which their claims are premised.

### TWENTY-THIRD DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, because Lead Plaintiffs assumed the risks disclosed in Defendants' registration statements, public filings, and other public disclosures and those risks came to fruition to cause Lead Plaintiffs' alleged losses. Lead Plaintiffs, who purchased with knowledge of these risks, or knowledge of adverse events at W Holding or Westernbank, likewise assumed the risks that there would be further deterioration in the price or value of W Holding's common stock, such that their damages are not recoverable as a matter of law.

### TWENTY-FOURTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Lead Plaintiffs have failed to mitigate their damages, if any, and failed to exercise due to diligence in an effort to mitigate their alleged damages.

## TWENTY-FIFTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Defendants are not jointly and severally liable for the conduct of any other defendant or for damages caused by any other defendant or person.

## TWENTY-SIXTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Defendants are entitled to have their liability eliminated or diminished due to the culpable conduct of persons or entities other than Defendants.

## TWENTY-SEVENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Lead Plaintiffs benefited from the allegedly inflated market price of W Holding's common stock.

## TWENTY-EIGHTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, to the extent that Lead Plaintiffs have recovered, through dividends, sale, tender, liquidation, or other means, all or some of the amounts they supposedly expended to acquire W Holding's common stock.

## TWENTY-NINTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because the damages sought exceed those permitted under Securities Act of 1933, the Securities Exchange Act of 1934, and the rules and regulations promulgated thereunder by the SEC.

## THIRTIETH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Lead Plaintiffs are not entitled to attorneys' fees under any act or theory on which Lead Plaintiffs' claims are based.

### THIRTY-FIRST DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Lead Plaintiffs lack standing to pursue claims against Defendants.

### THIRTY-SECOND DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because this action is not maintainable as a class action.

### THIRTY-THIRD DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because none of the Lead Plaintiffs' may properly serve as a class representative.

### THIRTY-FOURTH DEFENSE

Defendants adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant, to the extent that Defendants may share in such a defense.

### THIRTY-FIFTH DEFENSE

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted here of which it may become aware through discovery or other

investigation.

      **RESPECTFULLY SUBMITTED**.

      In San Juan, Puerto Rico, this 25th day of August, 2009.

                                        Pedro E. Ruiz Law Offices, PSC
                                        P.O. Box 190879
                                        San Juan, Puerto Rico 00919-0879
                                        Telephone:   (787) 622-6232
                                          Fax:           (787) 622-6230
                                          E-mail:       pruiz@ruizlawoffices.com

                                        By:___**s/Pedro E. Ruiz Meléndez**
                                            Pedro E. Ruiz Meléndez
                                          USDC-PR No. 208311

                                        Andrés Rivero, Esq. (PHV)
                                        M. Paula Aguila, Esq. (PHV)
                                        Rivero Mestre & Castro
                                        2525 Ponce de León Blvd.,
                                        Suite 1000
                                        Miami, Florida 33134
                                        Telephone:   (305) 445-2500
                                        Fax:           (305) 445-2505
                                        Email:       arivero@rmc-attorneys.com
                                                        paguila@rmc-attorneys.com

                                        *Attorneys for Defendants Freddy Perez Maldonado, Norberto Rivera, and Frank C. Stipes.*

## CERTIFICATE OF SERVICE

      I CERTIFY that on August 25, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                        **s/Pedro E. Ruiz Meléndez**
                                        Pedro E. Ruiz Meléndez

## SERVICE LIST

Hildebrand v. W Holding Company, Inc., et al.
Case No. 3:07-cv-01886-JAG
United States District Court, District of Puerto Rico


Andrés W. López, Esq.
Andrés W. López Law Office
207 Del Parque Street, Third Floor
San Juan, Puerto Rico 00912
E-mail: andreswlopez@yahoo.com


PHV Robert M. Rothman
Coughlin Stoia Geller Rudman &
Robbins LLP
58 South Service Road, Suite 200
Melville, New York 11747
E-mail: rrothman@csgrr.com


Jane A. Becker-Whitaker
Jane Becker Whitaker, PSC
Post Office Box 9023914
San Juan, Puerto Rico 00902-3914
E-mail: janebeckerwhitaker@yahoo.com


PHV Joseph P. Guglielmo
Scott + Scott LLP
29 West 57th Street, 14th Floor
New York, New York 10019
E-mail: jguglielmo@scott-scott.com


PHV Richard P. Rouco
Whatley, Drake & Kallas, LLC
Post Office Box 10647
Birmingham, Alabama 35202-0647
E-mail: rrouco@wdklaw.com


Eric M. Quetglas-Jordan
Quetglas Law Office
Post Office Box 16606
San Juan, Puerto Rico 00908-6606
E-mail: eric@quetglaslaw.com


PHV Deborah Clark-Weintraub
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: dweintraub@wdklaw.com


PHV Joe R. Whatley Jr.
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: ecf@wdklaw.com


PHV Lili R. Sabo
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: lsabo@wdklaw.com


Annette Cortes-Arcelay
Adsuar Muniz Goyco Seda & Perez
Ochoa PSC
Post Office Box 70294
San Juan, Puerto Rico 00936-8294
E-mail: acortes@amgprlaw.com

Eric Perez-Ochoa
Adsuar Muniz Goyco Seda & Perez
Ochoa PSC
Post Office Box 70294
San Juan, Puerto Rico 00936-8294
E-mail:  epo@amgprlaw.com

PHV Jon M. Talotta
Hogan & Hartson, LLP
8300 Greensboro Drive
Suite 1100
McLean, Virginia 22102
E-mail:  jmtalotta@hhlaw.com

Harry Anduze-Montano
Harry Anduze Montano Law Office
1454 Fernandez Juncos Ave.
San Juan, PR 00909
E-mail: handuze@microjuris.com

PHV George H. Mernick, III
Hogan & Hartson, LLP
8300 Greensboro Drive
Suite 1100
McLean, Virginia 22102
E-mail:  ghmernick@hhlaw.com

PHV N. Thomas Connally
Hogan & Hartson, LLP
8300 Greensboro Drive
Suite 1100
McLean, Virginia 22102
E-mail:  ntconnally@hhlaw.com

**s/Pedro E. Ruiz Meléndez**
Pedro E. Ruiz Meléndez

1475.02\PLEADINGS\ANS 08.25.09