**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **SAMUEL HILDEBRAND, On Behalf of Himself and All Others Similarly Situated,** | **CIVIL NO. 07-1886 (JAG) (Consolidated)** |
| **Plaintiff,** | |
| **v.** | |
| **W. HOLDING, INC., *et. al.*** | **RE:    SECURITIES CLASS ACTION** |
| **Defendants.** | |

**ANSWER TO CONSOLIDATED AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

Now comes defendant José M. Biaggi Landrón ("Biaggi") through his undersigned attorneys and answers the Consolidated Amended Complaint as follows:

**NATURE OF ACTION**

1.    Paragraph 1 does not require a response, as it consists of legal conclusions; in the alternative it is denied.

2.    The allegations in paragraph 2 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

3.    The allegations in paragraph 3 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

4.    The allegations in paragraph 4 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

5.    The allegations in paragraph 5 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

## JURISDICTION AND VENUE

6.    Paragraph 6 does not require a response, as it consists of legal conclusions; in the alternative it is denied.

7.    Paragraph 7 does not require a response, as it consists of legal conclusions; in the alternative it is denied.

8.    Paragraph 8 does not require a response, as it consists of legal conclusions; in the alternative it is denied.

9.    The allegations in paragraph 9 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied for lack of

information. All affirmative defenses are incorporated by reference in this and subsequent answers.

10.     Biaggi admits that Lead Plaintiffs filed certifications with the Court, but Biaggi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Amended Complaint, and therefore denies those allegations.

11.     Paragraph 11 is admitted.

12.     The allegations in paragraph 12 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

13.     The allegations in paragraph 13 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

14.     The allegations in paragraph 14 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

15.     The allegations in paragraph 15 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

16.    The allegations in paragraph 16 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

17.    Biaggi admits that he was President and CEO of Westernbank from July 12, 2005 through March 29, 2007 and that he received bonuses. The rest of paragraph 17 is denied for lack of information.

18.    The allegations in paragraph 18 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

19.    The allegations in paragraph 19 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

20.    The allegations in paragraph 20 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

21.    The allegations in paragraph 21 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

22.    The allegations in paragraph 22 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

## LEAD PLAINTIFFS' CLASS ACTION ALLEGATIONS

23.    Paragraph 23 does not require a response, as it consists of legal conclusions; in the alternative it is denied. The allegations in paragraph 23 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

24.    Paragraph 24 does not require a response, as it consists of legal conclusions; in the alternative it is denied. The allegations in paragraph 24 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

25.    Paragraph 25 does not require a response, as it consists of legal conclusions; in the alternative it is denied. The allegations in paragraph 25 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

26.     Paragraph 26 does not require a response, as it consists of legal conclusions; in the alternative it is denied.

27.     Paragraph 27 does not require a response, as it consists of legal conclusions; in the alternative it is denied.

28.     Paragraph 28 does not require a response, as it consists of legal conclusions; in the alternative it is denied.

## BACKGROUND

29.     The allegations in paragraph 29 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

30.     The allegations in paragraph 30 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

31.     The allegations in paragraph 31 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

32.     The allegations in paragraph 32 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

33.    The allegations in paragraph 33 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

34.    The allegations in paragraph 34 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

35.    The allegations in paragraph 35 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

36.    The allegations in paragraph 36 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

37.    The allegations in paragraph 37 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

38.    The allegations in paragraph 38 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of

information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

39.    The allegations in paragraph 39 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

40.    The allegations in paragraph 40 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

41.    The allegations in paragraph 41 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

42.    The allegations in paragraph 42 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

43.    The allegations in paragraph 43 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

44.     The allegations in paragraph 44 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

45.     The allegations in paragraph 45 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

46.     Biaggi admits paragraph 46.

47.     The allegations in paragraph 47 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

48.     Biaggi admits that W. Holding filed with the SEC its 10-K report for the year ended December 31, 2005 on April 24, 2006. The said 10-K report speaks for itself. All affirmative defenses are incorporated by reference in this and subsequent answers.

49.     The allegations in paragraph 49 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

50.     The allegations in paragraph 50 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of

information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

51.    The allegations in paragraph 51 which do not pertain to Biaggi require no response from him; in the alternative they are denied. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

52.    Biaggi admits paragraph 52.

53.    The allegations in paragraph 53 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

54.    The allegations in paragraph 54 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

55.    The allegations in paragraph 55 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

56.    The allegations in paragraph 56 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

57.    The allegations in paragraph 57 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

58.    The allegations in paragraph 58 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

59.    The allegations in paragraph 59 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

60.    The allegations in paragraph 60 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

61.    The allegations in paragraph 61 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

62.    The allegations in paragraph 62 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of

information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

63.    The allegations in paragraph 63 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

64.    The allegations in paragraph 64 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

65.    The allegations in paragraph 65 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

66.    The allegations in paragraph 66 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

67.    The allegations in paragraph 67 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

68.    The allegations in paragraph 68 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

69.    The allegations in paragraph 69 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

70.    Biaggi admits that the closing price per share for W. Holding's common stock was $5.01 on June 25, 2007, $3.14 on June 26, 2007, and $2.64 on June 29, 2007. These figures and the documents from which they are derived speak for themselves, and Biaggi denies any erroneous, incomplete, or out-of-context characterization thereof.

71.    The allegations in paragraph 71 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

## EVENTS SUBSEQUENT TO CLASS PERIOD

72.    The allegations in paragraph 72 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

73.     The allegations in paragraph 73 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

74.     The allegations in paragraph 74 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

75.     The allegations in paragraph 75 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

76.     The allegations in paragraph 76 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

77.     The allegations in paragraph 77 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

78.     The allegations in paragraph 78 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of

information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

79.    The allegations in paragraph 79 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

## ADDITIONAL SCIENTER ALLEGATIONS

80.    The allegations in paragraph 80 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

81.    The allegations in paragraph 81 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

82.    Biaggi admits that he received bonuses from Westernbank in the amounts of $437,500 and $525,000 in 2005 and 2006, respectively, and denies the rest of paragraph 82, as it does not pertain to him.

## LOSS CAUSATION/ECONOMIC LOSS

83.    The allegations in paragraph 83 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

84.    The allegations in paragraph 84 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## FRAUD ON THE MARKET

85.    The allegations in paragraph 85 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

86.    The allegations in paragraph 86 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

87.    The allegations in paragraph 87 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

88.    The allegations in paragraph 88 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

89.     The allegations in paragraph 89 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

## NO SAFE HARBOR

90.     The allegations in paragraph 90 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

## COUNT I

91.     Biaggi incorporates by reference all prior allegations.

92.     The allegations in paragraph 92 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

93.     The allegations in paragraph 93 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

94.     The allegations in paragraph 94 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

95.    The allegations in paragraph 95 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

96.    The allegations in paragraph 96 which do not pertain to Biaggi require no response from him; in the alternative they are denied for lack of information. All allegations which pertain to Biaggi are denied. All affirmative defenses are incorporated by reference in this and subsequent answers.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim against Biaggi upon which relief can be granted.

### SECOND DEFENSE

The Amended Complaint fails to comply with the requirements of the PSLRA.

### THIRD DEFENSE

The Amended Complaint fails to plead its claims against Defendants with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure ( the "Federal Rules").

### FOURTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, by Lead Plaintiff's own fault, negligence, unclean hands, *laches*, undue delay, waiver, and/or estoppel.

## FIFTH DEFENSE

Lead Plaintiffs' claim against Biaggi are barred, in whole or in part, because any allegedly false or misleading statements by Biaggi, if any, were forward-looking statements protected by the Safe Harbor provisions of the PSLRA or the bespeaks caution doctrine.

## SIXTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because the alleged statements of Biaggi, if any, did not contain any material misrepresentations or omissions or because misrepresentations or omissions allegedly relied upon by Lead Plaintiffs were not material.

## SEVENTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because at all relevant times, any persons who prepared to make statements on Biaggi's behalf did not have actual knowledge that any of the alleged misstatements identified in the Amended Complaint was false or misleading or such statements were made without Biaggi's knowledge of such false or misleading nature and without his consent.

## EIGHTH DEFENSE

Lead Plaintiffs claims against Biaggi are barred because at all relevant times, Biaggi acted diligently and reasonably and had a good faith belief that each of the alleged misstatements identified in the Amended Complaint was accurate. In any event, Biaggi was not a director, officer, employee, controlling person or spokesperson for W. Holding.

## NINTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because every act or omission alleged in the Amended Complaint was done or omitted in good faith and conformed to rules and regulations of the SEC, and therefore, pursuant to Section 23(a)(1) of the Securities Exchange Act of 1934, there is no liability for any act or omission alleged. Moreover, Biaggi did not prepare, sign, file or assisted in the preparation of any SEC documents for W. Holding during the Class Period.

## TENTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because they seek to impose upon Biaggi disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws, including the Securities Act of 1933, the Securities Exchange Act of 1934, and the rules and regulations promulgated thereunder by the SEC, in particular because Biaggi did not act on behalf of W. Holding during the Class Period.

## ELEVENTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to hold Biaggi liable for statements made or actions taken by persons or entities other than himself, who were not acting as authorized agents of Biaggi or to further Biaggi's interest.

## TWELFTH DEFENSE

Lead Plaintiffs' claim against Biaggi are barred, in whole or in part, because Biaggi made no statement in connection with the purchase of W Holding's common stock and Biaggi was not a director, officer, controlling person, or employee of W. Holding.

## THIRTEENTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because no act or omission of Biaggi was a cause in fact of the proximate cause of any damage or loss to Lead Plaintiffs.

## FOURTEENTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because no act or omission by Biaggi was the sole or partial cause of any damage or loss that Lead Plaintiffs allegedly suffered.

## FIFTEENTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because any increase or decrease in the market value of Lead Plaintiffs' stock was the result of market or other factors and not the alleged wrongful conduct on part of Biaggi.

## SIXTEENTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because the injuries, if any, sustained by them as alleged in the Amended Complaint were not caused by Biaggi, but were instead caused by the actions or inactions of other persons or entities over whom Biaggi had no control or by

economic, market or other events that were outside Biaggi's control. These actions, inactions and events were intervening or superseding causes of the alleged injuries.

## SEVENTEENTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because Lead Plaintiffs did not rely on the misrepresentations or misleading statements alleged.

## EIGHTEENTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because Plaintiffs cannot prove reliance upon any alleged misrepresentation or omission at issue.

## NINTEENTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, to the extent that they would have purchased W Holding's common stock even with full knowledge of the facts they allege were misrepresented or omitted.

## TWENTIETH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because the actions or inactions of Biaggi were not the sole or partial cause of any decision by any plaintiff to purchase or sell W. Holding's common stock.

## TWENTY-FIRST DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because Lead Plaintiffs did not exercise reasonable care to discover the facts relating to the alleged misstatements or omissions.

### TWENTY-SECOND DEFENSE

Lead Plaintiffs' claims against the Biaggi are barred, in whole or in part, because they failed to exercise due care with respect to the transactions on which there claims are premised.

### TWENTY-THIRD DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, because Lead Plaintiffs assumed the risks disclosed in W. Holding's registration statements, public filings and other public disclosures and those risks came to fruition to cause Lead Plaintiff's alleged losses. Lead Plaintiffs, who purchased with knowledge of these risks, or knowledge of adverse events at W. Holding or Westernbank, likewise assumed the risks that there would be further deterioration in the price or value of W. Holding's common stock, such that their damages are not recoverable as a matter of law.

### TWENTY-FOURTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because Lead Plaintiffs have failed to mitigate their damages, if any, and failed to exercise due diligence in an effort to mitigate their alleged damages.

### TWENTY-FIFTH DEFENSE

Lead Plaintiffs' claims against the Biaggi are barred, in whole or in part, because Biaggi is not jointly and severally, nor independently liable, for the conduct of any other Defendant or for damages or losses caused by any other Defendant or person.

### TWENTY-SIXTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because Biaggi is entitled to have his liability eliminated or diminished due to the culpable, negligent or wrongful conduct of persons or entities other than Biaggi.

### TWENTY-SEVENTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because Lead Plaintiffs benefited from the allegedly inflated market price of W. Holding's common stock.

### TWENTY-EIGHT DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, to the extent that Lead Plaintiffs have recovered, through dividends, sale, tender, liquidation, or other means, all or some of the amounts they supposedly expended to acquire W. Holding's common stock.

### TWENTY-NINTH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because the damages sought exceed those permitted under Securities Act of 1933, the Securities Exchange Act of 1934, and the rules and regulations promulgated thereunder by the SEC.

### THIRTIETH DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because Lead Plaintiffs are not entitled to attorney's fees under any act or theory on which Lead Plaintiffs' claims are based.

### THIRTY-FIRST DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because Lead Plaintiffs' lack standing to pursue claims against Biaggi, as Biaggi was not a director, officer, controlling person or employee of W. Holding during the Class Period.

### THIRTY-SECOND DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because this action is not maintainable as a class action.

### THIRTY-THIRD DEFENSE

Lead Plaintiffs' claims against Biaggi are barred, in whole or in part, because none of the Lead Plaintiffs may properly serve as a class representative.

### THIRTY-FOURTH DEFENSE

1.      Biaggi was not a director, officer or employee or controlling person of W. Holding, nor did he participate in any meeting of any committees thereof during the Class Period. Biaggi was not a controlling person of W. Holding at any time during the Class Period.

2.      Biaggi did not prepare, assist or participate in the preparation of, nor did he file or cause to be filed, any of the SEC documents to which the Complaint makes reference.

3.      The Business Credit Division of Westernbank to which the Complaint makes reference did not report to Biaggi at any time during the Class

Period. The Business Credit Division was a separate reporting entity, as the SEC filings made by W. Holding disclose and reported directly to W. Holding.

4.      Biaggi's employment at Westernbank was effectively terminated as of March 29, 2007, and he did not participate directly or indirectly in any of the events which may subsequently have occurred at Westernbank.

5.      During the class period Biaggi purchased W. Holding securities in the open market. A certification which states so is attached.

6.      Biaggi may not be properly excluded from the Class, and requests inclusion therein, as he was not at any relevant time a director, officer, employee or controlling person of W. Holding, nor was he, or is he, a member of the immediate family or any such persons, or their legal representatives, heirs, successors or assigns.

7.      Biaggi requests that, based on the facts set forth herein he be reclassified as Plaintiff, as allowed by Rule 20, FRCP.

**THIRTY-FIFTH DEFENSE**

Biaggi hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant, to the extent that Biaggi may share in such a defense.

**THIRTY-SIXTH DEFENSE**

Biaggi reserves the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which may become aware through discovery or otherwise.

## CROSS CLAIM

1.    Biaggi hereby incorporates by reference the allegations set forth in the Thirty-Fourth Affirmative Defense and the allegations of the Complaint which do not pertain to him.

2.    If the Complaint is not dismissed as to Biaggi, then it is requested that Judgment be entered against all of the other Defendants jointly and solidarily, requiring them to reimburse Biaggi for any sums as to which he may be held liable, plus costs, expenses and attorney fees.

3.    It is further requested that Judgment be entered against all other Defendants, jointly and solidarily, requiring them to pay Biaggi all damages suffered by him as a member of the Class, plus costs, expenses and attorney fees.

## THIRD PARTY COMPLAINT

1.    Biaggi incorporates by reference all allegations of the Complaint which do not pertain to him and the Thirty-Fourth Affirmative Defense.

2.    Biaggi has denied for lack of information the allegations which pertain to other Defendants. Biaggi alleges that the persons identified below who have not been included, and it is requested that they be included as Party Defendants in the Complaint, were directors, officers, employees or controlling persons of W. Holding during the Class Period and that all allegations of the Complaint which pertain to the other Defendants apply to them:

(a)    César A. Ruíz.
(b)    Mr. Cornelius Tamboer.
(c)    Mr. Héctor del Río.

    (d)    Mr. Pedro Dominguez.
    (e)    Mr. Juan Carlos Frontera García.
    (f)    Ms. Ileana García Ramírez de Arellano.
    (g)    Ms. Fredeswinda Ramírez de Arellano.

3.     Biaggi has denied that the fact of his membership in the Senior Credit Committee of the Business Credit Division, in and of itself, is sufficient to make him liable for the claims made in the Complaint and he has denied that he incurred in any fault or negligence in discharging his duties in said committee. However, if the Judgment to be entered in this suit were to hold otherwise, then and in that event, all other members of that Senior Credit Committee would be liable to the Plaintiffs, and Biaggi requests that they be included as Party Defendants in this suit, if they are not Party Defendants at this time.

4.     To the best of Biaggi's knowledge and belief, during the Class Period, the following persons were members of the Senior Credit Committee of the Business Credit Division:

    (a)    Mr. William Vidal Carvajal
    (b)    Mr. Miguel Vázquez
    (c)    Mr. Pedro Dominguez
    (d)    Mr. Juan Carlos Frontera
    (e)    Mr. Héctor Del Río
    (f)    Mr. Cornelius Tamboer
    (g)    Mr. Frank C. Stipes

5.     Based on the allegations of this Third Party Complaint, Biaggi respectfully requests that judgment be entered against the Third Party Defendants, holding them jointly and solidarily liable to him with the other Defendants.

**ANSWER TO CONSOLIDATED AMENDED COMPLAINT**                    **Page 29**
**Civil No. 07-1886 (JAG)**

WHEREFORE, it is respectfully requested that the Complaint be dismissed as to Biaggi.  In the alternative, if the Complaint is not dismissed as to Biaggi, it is requested that Judgment be entered against all of the other Defendants jointly and solidarily, requiring them to reimburse and hold harmless Biaggi for any sums as which he may be held liable, plus costs, expenses and attorney's fees.

It is further requested that Judgment be entered against all other Defendants (including third party defendants), holding them jointly and solidarily liable to Biaggi for all damages suffered by Biaggi as a member of the Class, requiring them to pay Biaggi all costs, expenses and attorney's fees.

Respectfully submitted.

In San Juan, Puerto Rico this  9th day of October 2009.

**I HEREBY CERTIFY**:  that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.


                    **s/ Harry Anduze Montaño**
                    Harry Anduze Montaño- 114910
                    Attorney for Defendant
                    1454 Fernández Juncos Avenue
                    San Juan PR  00909
                    Tel.  (787) 723-7171/Fax  (787) 723-7278
                    E-mail: handuze@microjuris.com

                    **s/ José A. Morales Boscio**
                    José A. Morales Boscio-220614
                    Attorney for Defendant
                    1454 Fernández Juncos Avenue
                    San Juan PR  00909
                    Tel.  (787) 723-7171/Fax  (787) 723-7278
                    E-mail: jmoralesb@microjuris.com

srp/G:HAM/Motions/1772- Answer to Consolidated Amended Complaint (October-2009).doc