UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| SAMUEL HILDENBRAND<br><br>    Plaintiff<br><br>    v.<br><br>W HOLDING COMPANY, INC., ET AL<br><br>    Defendants | CIVIL NO. 07-1886 (JAG)<br>**Consolidated**<br><br>RE: CLASS ACTION |

**OPPOSITION TO MOTIONS TO DISMISS DOCKETS NO. 104 AND 120, AND MOTION TO SRIKE 105, AND LEAVE TO FILE AMENDED ANSWER TO THE CONSOLIDATED AMENEDED COMPLAINT, AMENDED CROSS-CLAIM AND AMENDED THIRD PARTY COMPLAINT**

TO THE HONORABLE COURT:

Now comes defendant and third-party plaintiff, José M. Biaggi Landrón, through the undersigned counsel, and respectfully alleges and prays:

1.    Defendant and Third Party Plaintiff Biaggi filed on October 13, 2009 his Answer to Consolidated Amended Complaint, Cross-Claim and Third-Party Complaint. Docket No. 97. Defendants W. Holding Company, Inc. and Westernbank Puerto Rico filed a Rule 12(F) Motion to Strike the Thirty-Fourth Affirmative Defense of Biaggi's Answer (Docket No. 105), and a Rule 12(B)(6) Motion to Dismiss of the Cross-Claim (Docket No. 104). Subsequently, Third-Party defendants César Ruiz, Cornelius Tamboer, Héctor del Rio, Pedro Dominguez and Juan Carlos Frontera filed a Rule 12(B)(6) Motion to Dismiss the Third-Party Complaint. (Docket No. 120). Mr. Biaggi

1

respectfully moves the Court to deny these motions to dismiss and to strike, in virtue of the instant request for leave to file an Amended Answer to Consolidated Amended Complaint, Amended Cross-Claim, and Amended Third Party.

2.  Pursuant to the very case cited by third-party defendants W Holding and Western Bank at their Motion to Dismiss Cross-Claim, Docket 104 at page 5, *Rainbow Trucking Co. v. Ennia Ins. Co.*, 88 F.R.D. 596 (E.D. Pa. 1980), Biaggi should be granted leave to amend as requested herein. Specifically, the Court held in *Rainbow*:

> Where a crossclaim fails to satisfy the pleading requirements of Fed.R.Civ.P. 8(a) amendment should be allowed if the interests of justice will be served, *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), and if the opposing party will not be unfairly prejudiced thereby. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971). See Fed.R.Civ.P. 15(a), Holman v. Carpenter Technology Corp., 484 F. Supp. 406 (E.D.Pa.1980) and Carey v. Beans, 500 F. Supp. 580 (E.D.Pa.1980). Under present circumstances permitting amendment of the crossclaim is warranted. Accordingly, NASC shall file an amended crossclaim within ten days of the date of the accompanying order.

See, *Rainbow Trucking Co.,* 88 F.R.D. at 596.

3.  Biaggi respectfully posits that the opposing party will not be unfairly prejudiced by the instant request for leave to file an Amended Answer to the Consolidated Amended Complaint, Amended Cross-Claim, and Amended Third Party, in order to clarify its factual and legal basis. Further, Biaggi instituted his Cross-Claim and Third Party Complaint in order to assert his "right of contribution" in the captioned case, which is ascertainable under federal securities laws. In fact, the same case law cited by Cross-Claim defendants, W Holding and Western Bank, supports this proposition and renders without merit their request for dismissal. Held the Court in *Kilmartin v. Wainwright*, 637 F. Supp. 938, 940-41 (1986):

>   In their first motion, Graff and Bowles, McDavid seek to dismiss the claim for indemnity and any pendent state law claims asserted against them in the third-party complaints. Indemnification is not available under the federal securities laws. *Ahern v. Gaussoin*, 104 F.R.D. 37, 40 (D.Or. 1984). If indemnity were permitted, it would frustrate the federal legislative policy of deterring securities fraud by allowing a securities wrongdoer to shift his entire loss to another party.[1] *Stowell v. Ted. S. Finkel Investment Services*, Inc., 641 F.2d 323, 325 (5th Cir. 1981); *Laventhol, Krekstein, Horwath & Horwath, v. Horwitch*, 637 F.2d 672, 676 (9th Cir. 1980), cert. denied [\*\*6] , 452 U.S. 963, 101 S. Ct. 3114, 69 L. Ed. 2d 975 (1981); *Heizer Corp. v. Ross*, 601 F.2d 330, 334 (7th Cir. 1979). **The right of contribution, however, which strengthens the policy underlying the securities laws, is available. E.g.,** *Laventhol*, **637 F.2d at 675.** [*holding that Securities Act of 1933, 15 U.S.C. § 77k(a), clearly establishes a right of contribution*]. I therefore rule that claims for indemnity in both Griffin's and Rich, May's third-party complaints should be dismissed.
>
>   See, *Kilmartin*, 637 F. Supp. at 940-41. (Emphasis supplied)

4.   Thus, Biaggi respectfully requests leave to file an Amended Answer to Consolidated Amended Complaint, Amended Cross-Claim, and Amended Third Party in order to clarify the factual and legal basis upon which he has asserted his right of contribution. In the alternative, even if this Honorable Court denies the instant request for leave to file amended pleading, Defendants requests for dismissal are unwarranted pursuant to Biaggi's right to seek contribution above discussed. It is well-settled that when considering a motion to dismiss, a court must construe the complaint liberally in favor of the plaintiff, regard the material allegations of the complaint as admitted facts, and decline to dismiss the action unless it is clear that the complainant could "prove no set of facts in support of his claim which would entitle him to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

---

[1] However, indemnification is available to Mr. Biaggi under state law, pursuant to Article 1802, Puerto Rico's Security and Banking laws, and under the indemnity agreement executed with the Bank.

5.     The Supreme Court in the case of <u>Musick, Peller & Garrett, et. al</u> v. <u>Employers Insurance of Wausau, et. al</u>, 508 U.S. 286 (1993); 113 S. Ct. 2085 124 L.Ed. 2d. 194, decided that as a matter of federal law, defendants in a suit under 10(b) of the Securities Exchange Act, has a right to seek contribution from other parties who have joint responsibility for the violation. The codefendants and third-party defendants were officers and/or directors of W. Holding Company, Inc. and/or Westernbank Puerto Rico at the time of the facts of this class action. Biaggi claims that they have the duty to contribute for their acts and/or omissions in their respective positions as officer and directors, as Biaggi and the allocation of said liability among all defendants and third parties defendants in this case.

6.     With regards to Defendants' Motion to Strike Biaggi's Thirty Fourth Affirmative Defense, Defendants do not challenge that the specific facts averred therein are legitimate defenses which Biaggi is entitled to ascertain in the captioned case, *i.e.* that Biaggi was not a director, officer, employee or controlling person of W Holding, that he did not participate in any meeting of any committees during the Class Period, that he did not file the SEC documents averred at the Amended Complaint, etc. Thus, this defense cannot be stricken as a matter of law insofar it states specific facts which support that plaintiffs cannot seek recovery from Biaggi. However, Defendants' main objection is that Biaggi' stated his affirmative request to be considered as part of the Class.  A close review of the case law cited by defendants, *In re Bank of America Corp. Secs. Litig.*, 95 F. Supp. 2d 1044, 1049 (E.D. Mo. 2000), shows however that Defendants' argument does not find support in said case.   In *In re Bank of America*, the Court held that:

4

Clearly, the PSLRA creates rights in plaintiffs possessing the greatest financial stake in the litigation. **They have the right to be appointed lead plaintiffs, to control the course of the class action litigation, and to select class counsel of their choice.** This federal right cannot be given its intended scope if competing state court plaintiffs, representing a significantly smaller number of shares, can institute premature settlement negotiations which threaten the orderly conduct of the federal case and which could result in the release of the federal claims. *Id.* at 1049. (Emphasis supplied)

7.      Thus, pursuant to the above, the federal court in *In re Bank of America* enjoined proceedings at the state level, where competing state court plaintiffs with smaller shares engaged in premature settlement negotiations. Nothing in *In re Bank of America* holds that Biaggi is prohibited from ascertaining his rights as a class member. Further, Biaggi is not seeking to become a lead plaintiff, which was the controversy entertained in *In re Bank of America*. Consequently, Defendants' Motion to Strike should be denied.

8.      Finally, it must be noted that a defendant may aver alternative statements of claims or defense. Rule 8(d) of Federal Rules of Civil Procedure authorizes alternative claims and defenses as follows:

> "(d)    Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
>    (1)   *In General*. Each allegation must be simple, concise, and direct. No technical form is required.
>    (2)   *Alternative Statements of a Claim or Defense*. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements the pleading is sufficient if any one of them is sufficient.
>    (3)   *Inconsistent Claims or Defenses*. A party may state as many separate claims or defenses as it has, regardless of consistency."

Rule 8(e) of Federal Rules of Civil Procedure provides that:

5

"(e) Construing Pleadings. Pleadings must be construed so as to do justice"

WHEREFORE, it is respectfully requested that the Court grants leave to file an Amended Answer to Consolidated Amended Complaint, Amended Cross-Claim, and Amended Third Party Clerk's Office in ten (10) days, or in the alternative to deny the motios to dismiss Docket 104, 120 and Motion to Strike Docket 105.

Respectfully submitted.

In San Juan, Puerto Rico this 14th day of December, 2009.

**CERTIFICATE OF SERVICE**: I hereby certify that copy of this motion has been electronically filed on this date with the Clerk of the Court using the CM/ECF system.

s/ HARRY ANDUZE MONTAÑO
HARRY ANDUZE MONTAÑO-114610


s/ JOSE A. MORALES BOSCIO
JOSE A. MORALES BOSCIO-220614

1454 Avenida Fernández Juncos
San Juan PR  00909
Tel.   (787) 723-7171
Fax   (787) 723-7278
E-Mail handuze@microjuris.com
E-Mail jmoralesb@microjuris.com

6