IN UNITED STATES DISTRICT COURT
FOR DISTRICT OF PUERTO RICO

| | |
|---|---|
| SAMUEL HILDENBRAND, on behalf of himself and all others similarly situated, | CASE NO. 3:07-cv-01886- JAG |
| plaintiff, | **SECURITIES CLASS ACTION** |
| vs. | |
| W HOLDING COMPANY, INC., *et al.*, | |
| defendants. | |
| _____/ | |

**RULE 12(B)(6) MOTION TO DISMISS THIRD-PARTY COMPLAINT OF
JOSE M. BIAGGI BY DEFENDANTS WILLIAM VIDAL CARVAJAL, FREDESWINDA
RAMIREZ DE ARELLANO AND ILEANA GARCIA RAMIREZ DE ARELLANO**

Third-Party Defendants William Vidal Carvajal, Fredeswinda Ramirez de Arellano and Ileana Garcia Ramirez de Arellano, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), 14(a), Local Civil Rule 10(a), and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as amended, move this Court for an order dismissing the third-party complaint (the "Third-Party Complaint") filed by defendant Jose M. Biaggi in his Answer to Consolidated Amended Complaint on October 13, 2009, Docket No. 97 (the "Answer") with prejudice.

Summary of Argument

The Third-Party Complaint of defendant Biaggi should be dismissed for either of two dispositive reasons. First, it impermissibly seeks recovery for third-party defendants' purported liability to Lead Plaintiffs – not to defendant Biaggi – and he lacks standing to seek this relief. Second, to the extent Biaggi asserts that third-party defendants are liable to him, it is only

because he has demanded to be re-classed as a plaintiff. It is fundamental that a third-party complaint cannot assert claims belonging to the plaintiff.

Facts

After purporting to incorporate all of Lead Plaintiffs' allegations against the defendants into his Third-Party Complaint,[1] Biaggi repeats (by incorporation) his request first made in the thirty-fourth affirmative defense of his Answer (the "Thirty-Fourth Defense"), to be joined as a plaintiff and a member of the class. *See* Third-Party Complaint ¶ 1.[2] After admitting that he previously "denied for lack of information the allegations [in the Consolidated Amended Complaint] which pertain to other Defendants" (*see* Third-Party Complaint ¶ 2), Biaggi identifies seven individuals not parties to the litigation (*see id.*[3]), alleges that "all allegations of the Complaint which pertain to the other Defendants apply to them" (*see id.*), and "request[s] that they be included as Party Defendants in the Complaint." *See id.* Biaggi also identifies other individuals, including defendant Stipes, who he claims "would be liable to Plaintiffs" if Biaggi

---

1. The Third-Party Complaint fails to comply with the requirements set forth in Local Civil Rule 10(a) for incorporating other pleadings by reference. Biaggi also pleads without a sufficient personal knowledge of his factual basis in contravention of Fed. R. Civ. P. 11. In his Third-Party Complaint, Biaggi admits that through his Answer (*see* Docket No. 97), he "denied for lack of information the allegations which pertain to other Defendants" (*see* Third-Party Complaint ¶ 2), which are the very allegations that he purports to re-allege in support of his Third-Party Complaint.

2. As stated in the Rule 12(f) Motions to Strike the Thirty Fourth Defense of Jose M. Biaggi by W Holding Co., Inc. and Westernbank Puerto Rico (*see* Docket No. 105), adopted by defendants William Vidal Carvajal, Fredeswinda Ramirez de Arellano and Ileana Garcia Ramirez de Arellano (*see* Docket No. 135), the Thirty-Fourth Defense is itself insufficient and should be stricken.

3. Those individuals are Cesar A. Ruiz, Cornelius Tamboer, Hector Del Rio, Pedro Dominguez, Juan Carlos Frontera, Ileana Garcia Ramirez de Arellano, and Fredeswinda Ramirez de Arellano. *See id.*

were found liable (*see id.* ¶ 3[4]) and "requests that they be included as Party Defendants in this suit, if they are not Party Defendants at this time." *See id.* ¶ 3.

## Argument

The Third-Party Complaint does not state a claim as a matter of law and, for two reasons, should be dismissed.

First, the Third-Party Complaint does not allege any basis by which any third-party defendant would be liable to Biaggi for any portion of his potential liability; rather, the Third-Party Complaint merely requests that the third-party defendants be joined to the Consolidated Amended Complaint because Biaggi alleges that they are themselves directly liable to Lead Plaintiffs. *See* Third-Party Complaint ¶ 2 ("[I]t is requested that they be included as Party Defendants in the Complaint.") and ¶ 3 ("[A]ll other members of the Senior Credit Committee would be liable to Plaintiffs, and Biaggi requests that they be included as Party Defendants in this suit . . . ").

Rule 14(a) authorizes a defendant to file a third-party complaint against "a nonparty who is or may be liable to [defendant] for all or part of the claim against it." *See id.* "[A] third-party defendant may not be impleaded merely because he may be liable to the *plaintiff*." *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978) (emphasis in original); *Ramos Ramon v. Puerto Rico*, 2009 WL 1586756, at *4 (D.P.R. May 29, 2009) (same) (citing *Owen Equipment*, 437 U.S. at 368 n.3). Instead, to state a claim upon which relief may be granted, a third-party complaint "must contend that if defendant . . . were found liable to plaintiff, then defendant/third-party plaintiff has a right under substantive law to transfer his liability derived from the original complaint to third-party defendant." *Lopez De Robinson v. United*

---

4. Those individuals are William Vidal Carvajal, Miguel Vazquez, Pedro Dominguez, Juan Carlos Frontera, Hector Del Rio, Cornelius Tamboer, and Frank C. Stipes. *See id.* ¶ 4.

*States*, 162 F.R.D. 256, 258 (D.P.R. 1995).  Because Biaggi does no more than assert that third party defendants would be liable to Lead Plaintiffs, his Third-Party Complaint fails to state a claim for third-party relief.  *Ramos Ramon*, 2009 WL 1586756, at *4-5 (dismissing third-party complaint that failed to allege any basis for derivative liability of third-party defendant); *Lopez de Robinson*, 162 F.R.D. at 259-60 (D.P.R. 1995) (same).[5]

Second, to the extent that Biaggi asserts any direct liability from the third-party defendants to himself (*see* Third-Party Complaint ¶ 5), he asserts it as a purported member of the alleged plaintiff class.  *See id*. ¶ 1 (incorporating request to be joined as class member).  Prayer for Relief ("It is…requested that Judgment be entered against . . . third party defendants, holding them . . . liable to Biaggi . . . as a member of the Class.").  "[I]t is settled that a third-party plaintiff cannot attempt to stand in the shoes of the plaintiff and assert a claim against the third-party-defendant that rightfully belongs to the plaintiff itself."  *United States v. Gov't. Dev. Bank*, 132 F.R.D. 129, 131 (D.P.R. 1990) (dismissing third-party complaint: "[third-party plaintiff] is actually attempting to assert a claim which properly belongs to the [original plaintiff]."); *see also* 6 Wright & Miller, *Fed. Practice & Procedure* § 1446 ("[T]he claim against the third-party defendant must belong to the original defendant.").

---

5.    Indeed, as explained in the Rule 12(b)(6) Motion to Dismiss the Cross-Claim of Defendant Jose M. Biaggi by W Holding Co., Inc. and Westernbank Puerto Rico (*see* Docket No. 104), adopted by defendants Frank Stipes, Freddy Maldonado, Ricardo Hernandez and Norberto Rivera (*see* Docket No. 110), Biaggi has no right against any other party for indemnification. *See Kilmartin v. H.C. Wainright & Co.*, 637 F. Supp. 938, 940 (D. Mass 1986) ("Indemnification is not available under the federal securities laws.  If indemnity were permitted, it would frustrate the federal legislative policy of deterring securities fraud by allowing a securities wrongdoer to shift his entire loss to another party.") (citation omitted).

**WHEREFORE**, third-party defendants William Vidal Carvajal, Fredeswinda Ramirez de Arellano and Ileana Garcia Ramirez de Arellano respectfully request that the Court enter an order dismissing Biaggi's Third-Party Complaint with prejudice.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 18th day of December, 2009.

>RIVERO MESTRE & CASTRO
>Andrés Rivero, Esq. (PHV)
>M. Paula Aguila, Esq. (PHV)
>2525 Ponce de León Blvd.
>Suite 1000
>Miami, Florida 33134
>Telephone:   (305) 445-2500
>Fax:              (305) 445-2505
>Email: arivero@rmc-attorneys.com
>           paguila@rmc-attorneys.com
>
>By:    s/M. Paula Aguila
>         ANDRES RIVERO
>         Florida Bar No. 613819
>         M. PAULA AGUILA
>         Florida Bar No. 43135
>
>Pedro E. Ruiz Law Offices, PSC
>Pedro E. Ruiz, Esq.
>P.O. Box 190879
>San Juan, Puerto Rico 00919-0879
>Telephone:   (787) 622-6232
>Fax:              (787) 622-6230
>E-mail:    pruiz@ruizlawoffices.com
>
>By:    s/Pedro E. Meléndez
>         Pedro E. Ruiz Meléndez
>         USDC-PR No. 208311
>
>*Attorneys for Pedro Dominguez, Freddy Maldonado, Norberto Rivera, Ramon Rosado, Hector Del Rio, Frank Stipes, Juan Frontera, Cornelius Tamboer, Ricardo Hernandez, Cesar Ruiz, William Vidal Carvajal, Fredeswinda Ramirez de Arellano and Ileana Garcia Ramirez de Arellano.*

- 6 -

**CERTIFICATE OF SERVICE**

      I CERTIFY that on December 18, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                                                  s/M. Paula Aguila
                                                                                    M. Paula Aguila

**SERVICE LIST**

Hildebrand v. W Holding Company, Inc., et al.
Case No. 3:07-cv-01886-JAG
United States District Court, District of Puerto Rico

Andrés W. López, Esq.
Andrés W. López Law Office
207 Del Parque Street, Third Floor
San Juan, Puerto Rico 00912
E-mail: andreswlopez@yahoo.com

PHV Robert M. Rothman
Coughlin Stoia Geller Rudman &
Robbins LLP
58 South Service Road, Suite 200
Melville, New York 11747
E-mail: rrothman@csgrr.com

Jane A. Becker-Whitaker
Jane Becker Whitaker, PSC
Post Office Box 9023914
San Juan, Puerto Rico 00902-3914
E-mail: janebeckerwhitaker@yahoo.com

PHV Joseph P. Guglielmo
Scott + Scott LLP
29 West 57th Street, 14th Floor
New York, New York 10019
E-mail: jguglielmo@scott-scott.com

PHV Richard P. Rouco
Whatley, Drake & Kallas, LLC
Post Office Box 10647
Birmingham, Alabama 35202-0647
E-mail: rrouco@wdklaw.com


Eric Perez-Ochoa
Adsuar Muniz Goyco Seda & Perez
Ochoa PSC
Post Office Box 70294
San Juan, Puerto Rico 00936-8294
E-mail: epo@amgprlaw.com

Eric M. Quetglas-Jordan
Quetglas Law Office
Post Office Box 16606
San Juan, Puerto Rico 00908-6606
E-mail: eric@quetglaslaw.com

PHV Deborah Clark-Weintraub
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: dweintraub@wdklaw.com

PHV Joe R. Whatley Jr.
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: aplant@wdklaw.com

PHV Lili R. Sabo
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: lsabo@wdklaw.com

Annette Cortes-Arcelay
Adsuar Muniz Goyco Seda & Perez
Ochoa PSC
Post Office Box 70294
San Juan, Puerto Rico 00936-8294
E-mail: acortes@amgprlaw.com

PHV George H. Mernick, III
Hogan & Hartson, LLP
8300 Greensboro Drive
Suite 1100
McLean, Virginia 22102
E-mail: ghmernick@hhlaw.com

- 8 -

| | |
|---|---|
| PHV Jon M. Talotta<br>Hogan & Hartson, LLP<br>8300 Greensboro Drive<br>Suite 1100<br>McLean, Virginia 22102<br>E-mail:  jmtalotta@hhlaw.com | PHV N. Thomas Connally<br>Hogan & Hartson, LLP<br>8300 Greensboro Drive<br>Suite 1100<br>McLean, Virginia 22102<br>E-mail:  ntconnally@hhlaw.com |

Harry Anduze-Montano
Harry Anduze Montano Law Office
1454 Fernandez Juncos Ave.
San Juan, PR 00909
E-mail: handuze@microjuris.com

1475.02\PLEAD\MOT DIS 3RD PAR COMP (THE 3) 12.18.09