**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| SAMUEL HILDENBRAND, On Behalf of Himself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>W HOLDING, INC., *et al.*, )<br><br>Defendants. ) | CIVIL No. 07-1886 (JAG)<br>(Consolidated)<br><br>RE: SECURITIES CLASS ACTION |

**RULE 12(B)(6) MOTION TO DISMISS**
**AMENDED CROSS-CLAIM OF JOSE M. BIAGGI BY**
**DEFENDANTS W HOLDING COMPANY, INC.**
**AND WESTERNBANK PUERTO RICO**

**TO THE HONORABLE COURT:**

COME NOW, defendants W Holding Company, Inc. ("W Holding") and Westernbank Puerto Rico ("Westernbank," and collectively with W Holding, "Defendants"), through undersigned counsel, and pursuant to Federal Rules of Civil Procedure ("Rule") 8(a), 10(c), 12(b)(6) and 13(g) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as amended, hereby move this Court for an order dismissing the Amended Cross-Claim filed by Defendant Jose M. Biaggi with prejudice, and state the following:

1. On October 13, 2008, defendant Jose M. Biaggi asserted a Cross-Claim in his Answer to Consolidated Amended Complaint (the "Cross-Claim"), see Docket No. 97, against Defendants and Ricardo Hernandez, Freddy Perez Maldonado, Norberto Rivera, and

Frank C. Stipes (the "Individual Defendants"). On October 28, 2009, Defendants moved to dismiss the Cross-Claim (the "First Motion to Dismiss"), <u>see</u> Docket No. 104, and on November 13, 2009, the Individual Defendants joined in Defendants' motion, <u>see</u> Docket No. 110. Rather than respond substantively to the deficiencies identified by Defendants in their motion to dismiss, Biaggi's Opposition simply requested leave to amend to clarify that he "instituted his Cross-Claim…to assert his right of contribution." <u>See</u> Opp'n ¶¶ 1-5 (quotations omitted), Docket No. 140, and the request was granted during the Rule 16(b) Pretrial Conference on December 18, 2009. On December 30, 2009, Biaggi filed his Amended Cross-Claim (the "Amended Cross-Claim"), <u>see</u> Docket No. 140.

2.   Notwithstanding his declared intent to re-plead the Cross-Claim as a claim for contribution, Biaggi's Amended Cross-Claim expressly requests indemnification: <u>i.e.</u>, that he be "fully indemnified and held harmless," <u>see</u> Amended Cross-Claim ¶ 5, and that W Holding and Individual Defendants reimburse him for all liability he might have to Plaintiffs, <u>see id.</u> ¶ 4 (requesting "all…natural persons who are named Defendants in the Complaint be held liable to Biaggi for <u>all</u> amounts to which Biaggi may be held liable to pay to the Plaintiffs") (emphasis added) & ¶ 5 (requesting "W Holding be held liable to Biaggi for <u>all</u> sums which he may be held liable to pay to Plaintiffs") (emphasis added).

3. Such a request is for indemnification, not contribution, [1]/ and as Defendants explained in their First Motion to Dismiss, <u>see</u> First Mot. to Dismiss ¶ 3, indemnification is barred by federal securities laws. <u>See, e.g.</u>, <u>Kilmartin v. H.C. Wainright & Co.</u>, 637 F. Supp. 938, 940 (D. Mass 1986) ("Indemnification is not available under the federal securities laws. If indemnity were permitted, it would frustrate the federal legislative policy of deterring securities fraud by allowing a securities wrongdoer to shift his entire loss to another party.") (citation omitted) (citing <u>Stowell v. Ted S. Finkel Inv. Servs.</u>, 641 F. 2d 323, 325 (5th Cir. 1981)). [2]/

4. Neither Biaggi's employment at Westernbank nor the unidentified "applicable laws" change this result. As explained in the First Motion to Dismiss, <u>see</u> First Mot. to Dismiss ¶ 3, federal securities laws pre-empt any otherwise extant basis that would enable indemnification from violations of federal securities laws. <u>See</u> <u>Baker Watts & Co. v. Miles & Stockbridge</u>, 876 F.2d 1101, 1108 (4th Cir. 1989) ("[P]laintiff's pendent state…claims for indemnification…must fail as preempted by federal law….it would run counter to the basic policy of the federal securities laws to allow a securities wrongdoer…to shift

---

[1]/ Black's Law Dictionary defines "contribution" as "[t]he right that gives one of several persons who are liable on a common debt the ability to recover <u>ratably</u> from each of the others when that person discharges the debt…" <u>See</u> Black's Law Dictionary 352 (8th ed. 1999) (emphasis added).

[2]/ Defendants, of course, are not contending that Biaggi committed securities fraud. The point, however, is that were a jury to conclude otherwise, federal law would prohibit his being indemnified for any resulting judgment.

its entire responsibility for federal violations on the basis of a collateral state action for indemnification."); see also In re Boardwalk Marketplace Secs. Litig., 1991 WL 438311, at *6 (D. Conn. Oct. 1, 1991) (finding state-law subrogation claim pre-empted by federal securities law because "analogous to claim for indemnity").

5.    In addition, as noted in Defendants' First Motion to Dismiss, see First Mot. to Dismiss ¶¶ 5-6, "[t]he pleading requirements of Rule 8(a) apply to Rule 13(g) cross-claims." See Connecticut Gen. Life Ins. Co. v. Universal Ins. Co., 838 F.2d 612, 623 (1st Cir. 1988). But Biaggi's Amended Cross-Claim, like his original Cross-Claim, does little more than request relief.  See Amended Cross-Claim ¶ 3 (economic losses from Individual Defendants), [3]/ ¶ 4 (indemnification from Individual Defendants), ¶ 5 (indemnification), and ¶ 6 (fees and costs).

6.    Biaggi's attempt to support his requests for relief by incorporating "the allegations…of the Complaint which do not pertain to him" into his Amended Cross-Claim, see Amended Cross-Claim ¶ 1, is ineffective under the Rules, see Rule 10(c). To

---

[3]/    Although this paragraph of the Amended Cross-Claim is limited to only "natural persons who are named Defendants," the prayer for relief requests "Judgment…against all other Defendants…for…damages suffered by Biaggi as a purchaser of W Holding securities." See Amended Cross-Claim p. 30. To the extent Biaggi is attempting to assert a claim against Defendants for securities fraud, he has not pleaded any of the essential elements of such a claim or, for that matter, any supporting factual allegations.  In addition, even if he had pleaded such a claim, it would be barred by the statute of limitations.  See 28 U.S.C. § 1658(b) (2009) (suits must be filed within two-years of discovery of alleged violation). See also Rule 12(b)(6) Motion to Dismiss Jose M. Biaggi's Amended Cross-Claim and Joinder of Defendants Frank Stipes, Freddy Maldonado, Norberto Rivera and Ricardo Hernandez in the Rule 12(b)(6) Motion to Dismiss Amended Cross-Claim of Jose M. Biaggi of Defendants W Holding Company, Inc. and Westernbank Puerto Rico 2-3.

properly incorporate allegations in another pleading, "the references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation." See 5A Wright & Miller, Fed. Practice & Proc. § 1326 (2009) (citing Kolling v. Am. Power Conversion. Corp., 347 F.3d 11 (1st Cir. 2003)). This requires specific identification of those allegations the pleader intends to incorporate. See Toberman v. Copas, 800 F.3d 1239, 1243 (M.D. Pa. 1992) ("If Third Party Plaintiff intends to rely on Plaintiffs' complaint, he must…provid[e], at a minimum, direct reference to specific paragraphs relied on."); Wolfe v. Charter Forest Behavioral Health Sys., 185 F.R.D. 225, 229-30 (E.D. La. 1999) (same) (citing Lowden v. William M. Mercer, Inc., 903 F. Supp. 212, 216 (D. Mass. 1995)). Rather than identifying by number those "allegations…of the Complaint which do not pertain to him," Biaggi's indirect incorporation forces Defendants to guess which allegations he believes "do not pertain to him," thus preventing Defendants from discerning which allegations Biaggi purports to incorporate into his claim against Defendants. [4]/ Such cryptic pleading fails to put Defendants on notice of the claims against them and therefore is ineffective

---

[4]/ Of course, since the Complaint makes the overwhelming majority of its allegations towards all Defendants collectively, there are virtually no "allegations…of the Complaint which do not pertain to [Biaggi]." In addition, certain of the allegations in the Complaint that Biaggi might be incorporating make no sense given the posture of his Amended Cross-Claim. See, e.g., Compl. ¶ 28 ("A class action is superior to all other available methods…").

under Rule 10(c). <u>See</u> <u>Kolling</u>, 347 F.3d at 17 (dismissing claim allegedly asserted by incorporation: plaintiff did not "plead the claim with sufficient specificity that [defendant] could have recognized that [the] claim had been asserted against it."). <sup>5</sup>/

7. Thus, even setting aside the legal bar to the relief it requests, the Amended Cross-Claim fails to allege a sufficient factual basis to state a claim, <u>see, e.g.</u>, <u>Connecticut Gen.</u>, 838 F.2d at 623 ("[Cross-claimant] has not pointed to any substantive legal basis for contribution or indemnity…Its cross-claim must fail."); <u>Rainbow Trucking Co. v. Ennia Ins. Co.</u>, 88 F.R.D. 596, 596 (E.D. Pa. 1980) ("Stating that 'if the plaintiffs are entitled to a verdict' and incorporating plaintiffs' allegations into the cross-claim do not really show how or why the cross-claimant is entitled to the requested relief from the other defendants."); <u>see also</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

**WHEREFORE**, defendants W Holding and Westernbank respectfully request that the Court enter an order dismissing Biaggi's Amended Cross-Claim with prejudice.

---

<sup>5</sup>/ <u>See also</u> <u>Hinton v. TransUnion, LLC</u>, 2009 WL 2461439, at *5 (E.D.Va. Aug. 11, 2009) (disregarding incorporation and dismissing complaint: "plaintiff made no effort in his incorporation clauses to be direct and explicit, nor has plaintiff even arguably enabled defendants to ascertain precisely which portions of the first and second amended complaints are not duplicative of their respective predecessors, but are intended to add new material."); <u>Merrill Lynch Bus. Fin. Servs., Inc. v. Gray</u>, 1991 WL 127610 (N.D. Ill. July 9, 1991) (rejecting attempt to incorporate into counter-claim "those allegations in [the] complaint which defendants' admitted" because "[t]his form of pleading is so ambiguous and vague that [plaintiff] cannot reasonably be required to respond.")

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of January, 2010.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

**ADSUAR MUÑIZ GOYCO**
**SEDA & PEREZ-OCHOA P.S.C.**
P.O. Box 70294
San Juan, P.R. 00936
Telephone: (787) 756-9000
Fax: (787) 756-9010
E-mail: epo@amgprlaw.com

By: _/s/ Eric Pérez-Ochoa_
     ERIC PEREZ-OCHOA
     USDC-PR 206314

George H. Mernick, III (PHV)
**HOGAN & HARTSON, LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5726
Fax: (202) 637-5910
E-mail: ghmernick@hhlaw.com


N. Thomas Connally (PHV)
Jon M. Talotta (PHV)
**HOGAN & HARTSON, LLP**
Park Place II
7930 Jones Branch Drive
McLean, Virginia 22102
Telephone: (703) 610-6100
Fax: (703) 610-6200
E-mail: ntconnally@hhlaw.com
E-mail: jmtalotta@hhlaw.com

_Attorneys    for    Defendants_
_W Holding Company, Inc. and_
_Westernbank Puerto Rico_