IN UNITED STATES DISTRICT COURT
FOR DISTRICT OF PUERTO RICO

SAMUEL HILDENBRAND, on behalf of himself and all others similarly situated,

    plaintiff,

vs.

W HOLDING COMPANY, INC., *et al.*,

    defendants.

_____/

CASE NO. 3:07-cv-01886- JAG

**SECURITIES CLASS ACTION**

### RULE 12(B)(6) MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT OF JOSE M. BIAGGI BY THIRD-PARTY DEFENDANTS CESAR RUIZ, CORNELIUS TAMBOER, HECTOR DEL RIO, PEDRO DOMINGUEZ, JUAN CARLOS FRONTERA, WILLIAM VIDAL CARVAJAL, ILEANA GARCIA RAMIREZ DE ARELLANO AND FREDESWINDA RAMIREZ DE ARELLANO

Third-party defendants Cesar Ruiz, Cornelius Tamboer, Hector Del Rio, Pedro Dominguez, Juan Carlos Frontera, William Vidal Carvajal, Ileana Garcia Ramirez de Arellano and Fredeswinda Ramirez de Arellano, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), 14(a), and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as amended, and 28 U.S.C. § 1658(b) (2009), move this Court for an order dismissing the amended third-party complaint (the "Amended Third-Party Complaint") filed by defendant Jose M. Biaggi in his Amended Answer to Consolidated Amended Complaint on December 30, 2009, Docket No. 140 (the "Amended Answer") with prejudice.

Summary of Argument

Defendant Biaggi's prior third-party action was asserted on October 13, 2009, in his Answer to Consolidated Amended Complaint, Docket No. 97 (the "Third-Party Complaint"). The third-party defendants moved to dismiss the Third-Party Complaint on the grounds that: (1)

the complaint impermissibly sought recovery for the third-party defendants' purported liability to the plaintiffs – not to Biaggi himself – and he lacked standing to seek this relief; and, (2) he impermissibly asserted claims as a purported member of the plaintiff class when it is fundamental that a third-party complaint cannot assert claims belonging to plaintiffs. *See* Rule 12(b)(6) Motion to Dismiss Third-Party Complaint of Jose M. Biaggi by Defendant Cesar Ruiz, Cornelius Tamboer, Hector Del Rio, Pedro Dominguez, and Juan Carlos Frontera, Docket No. 120.

Biaggi has attempted to rectify these fatal flaws by amendment, but the third-party claims asserted in his Amended Answer, Docket No. 140, remain deficient for the same two reasons: (1) Biaggi continues to seek recovery for the third-parties' purported liability to the plaintiffs; and, (2) to the extent Biaggi alleges that the third-party defendants are liable to him, they would be liable to him purely in his capacity as a shareholder and thus as a purported member of the putative plaintiff class. In addition, to the extent that Biaggi now attempts to assert a claim for securities fraud directly against the third-party defendants, any such claim is time-barred under § 1658(b).

The Amended Third-Party Complaint should accordingly be dismissed with prejudice.

<u>Allegations of the Amended Third-Party Complaint</u>

Biaggi's Amended Third-Party Complaint is, to say the least, confusing. In his Amended Answer, Biaggi denies "for lack of information" 85 allegations which he claims do not pertain to him. *See* Am. Answer. Then, despite professing a lack of knowledge, he attempts, as the basis for his third-party claims, to "incorporate by reference" into his Amended Third-Party Complaint

those very same allegations. Am. Third-Party Compl. ¶ 1.[1] Based on plaintiffs' allegations (of which he claims not to have any knowledge), Biaggi proceeds to identify seven individuals, *see* Am. Third-Party Compl. ¶ 2, to whom, allegedly, "all allegations of the Complaint which pertain to the other natural persons who are named [d]efendants in the Complaint apply . . ." *Id.*[2] Biaggi also identifies seven individuals, who he claims "would be liable to the [p]laintiffs" if Biaggi were found liable and "requests that they be included as [p]arty [d]efendants in this suit . . ." *Id.* at ¶ 3, 4.[3] It thus appears that Biaggi's claims against the third-party defendants are based entirely on their alleged liability to the plaintiffs.

As to his own capacity, although Biaggi no longer explicitly requests, as he did in his prior pleadings, to be joined as a plaintiff and a member of the class, *see* Thirty-Fourth Aff. Defense in Answer to Consolidated Am. Compl., Docket No. 97, he effectively continues to seek relief as a member of the class insofar as he relies almost exclusively on plaintiff's allegations to state claims against individuals who he claims "would be liable to the [p]laintiff," Am. Third-Party Compl. ¶ 2. Biaggi otherwise completely fails to allege any independent basis of liability to him by the third-party defendants.

Argument

The Amended Third-Party Complaint does not state a claim as a matter of law and should be dismissed for three reasons.

---

1. Biaggi thus pleads without sufficient personal knowledge of the factual basis for his claims, in contravention of Fed. R. Civ. P. 11.

2. Those individuals are Cesar A. Ruiz, Cornelius Tamboer, Hector Del Rio, Pedro Dominguez, Juan Carlos Frontera, Ileana Garcia Ramirez de Arellano, and Fredeswinda Ramirez de Arellano. *See* Am. Third-Party Compl. ¶ 2.

3. Those individuals are William Vidal Carvajal, Miguel Vazquez, Pedro Dominguez, Juan Carlos Frontera, Hector Del Rio, Cornelius Tamboer and Frank C. Stipes. *See* Am. Third-Party Compl. ¶ 4.

First, the Amended Third-Party Complaint does not allege any basis by which any third-party defendant would be liable to Biaggi for any portion of his potential liability; rather, the Amended Third-Party Complaint merely requests that the third-party defendants be joined to the Consolidated Amended Complaint because Biaggi alleges that they are themselves directly liable to plaintiff.

Rule 14(a) authorizes a defendant to file a third-party complaint against "a nonparty who is or may be liable to [defendant] for all or part of the claim against it." *See id*. "[A] third-party defendant may not be impleaded merely because he may be liable to the *plaintiff*." *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978) (emphasis in original); *Ramos Ramon v. P.R.*, 2009 WL 1586756, at *4 (D.P.R. 2009) (same) (citing *Owen Equip.*, 437 U.S. at 368 n.3). Instead, to state a claim upon which relief may be granted, a third-party complaint "must contend that if defendant . . . were found liable to plaintiff, then defendant/third-party plaintiff has a right under substantive law to transfer his liability derived from the original complaint to third-party defendant." *Lopez De Robinson v. United States*, 162 F.R.D. 256, 258 (D.P.R. 1995). Because Biaggi does no more than assert that third-party defendants would be liable to plaintiffs, his Amended Third-Party Complaint fails to state a claim for third-party relief. *Ramos Ramon*, 2009 WL 1586756, at *4-5 (dismissing third-party complaint that failed to allege any basis for derivative liability of third-party defendant); *Lopez de Robinson*, 162 F.R.D. at 259-

60 (D.P.R. 1995) (same).[4] Even setting aside the legal bar to the relief it requests, the Amended Third-Party Complaint fails to allege a sufficient factual basis to state a claim, *see, e.g., Conn. Gen. Life Ins. Co. v. Universal Ins. Co.*, 838 F.2d 612, 623 (1st Cir. 1988) ("[Cross-Claimant] has not pointed to any substantive legal basis for contribution or indemnity . . . Its cross-claim must fail."); *Rainbow Trucking Co. v. Ennia Ins. Co.*, 88 F.R.D. 596, 596 (E.D. Pa. 1980) (stating that merely "incorporating plaintiffs' allegations into the cross-claim does not really show how or why the cross-claimant is entitled to the requested relief from the other defendants.").

In addition, Biaggi's attempt to support his requests for relief by incorporating "the allegations . . . of the Complaint which do not pertain to him" into his Amended Third-Party Complaint, *see* Am. Third-Party Compl. ¶ 1, is ineffective under the Rules. *See* Rule 10(c). To properly incorporate allegations in another pleading, "the references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation." *See* 5A Wright & Miller, *Fed. Practice & Proc.* § 1326 (2009) (citing *Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11 (1st Cir. 2003)). This requires specific identification of those allegations the pleader intends to incorporate. *See Toberman v. Copas*, 800 F.3d 1239, 1243 (M.D. Pa. 1992) ("If Third Party Plaintiff intends to rely on Plaintiffs' complaint, he must . . . provid[e], at a minimum, direct reference to specific paragraphs relied on."); *Wolfe v. Charter Forest Behavioral Health Sys.*, 185 F.R.D. 225, 229-30 (E.D. La. 1999)

---

4.    Indeed, as explained in the Rule 12(b)(6) Motion to Dismiss Amended Cross-Claim of Jose M. Biaggi by W Holding and Westernbank Puerto Rico (*see* Docket No. 143), adopted by Defendants Ricardo Hernandez, Freddy Perez Maldonado, Norberto Rivera, and Frank C. Stipes (*see* Docket No. 144), Biaggi has no right against any other party for indemnification. *See Kilmartin v. H.C. Wainright & Co.*, 637 F. Supp. 938, 940 (D. Mass 1986) ("Indemnification is not available under the federal securities laws. If indemnity were permitted, it would frustrate the federal legislative policy of deterring securities fraud by allowing a securities wrongdoer to shift his entire loss to another party.") (citation omitted).

(same) (citing *Lowden v. William M. Mercer, Inc.*, 903 F. Supp. 212, 216 (D. Mass. 1995)). Rather than identifying by number those "allegations . . . of the Complaint which do not pertain to him," Biaggi's indirect incorporation forces the third-party defendants to guess which allegations he believes "do not pertain to him," thus preventing the third-party defendants from discerning which allegations Biaggi purports to incorporate into his claim against the third-party defendants. Such cryptic pleading fails to put the third-party defendants on notice of the claims against them and therefore is ineffective under Rule 10(c). *See Kolling*, 347 F.3d at 17 (dismissing claim allegedly asserted by incorporation: plaintiff did not "plead the claim with sufficient specificity that [defendant] could have recognized that [the] claim had been asserted against it.").

Thus, the Amended Third-Party Complaint fails to allege a sufficient factual basis to state a claim.

Second, to the extent that Biaggi asserts any direct liability from the third-party defendants to himself, *see* Am. Third-Party Compl. ¶ 5, he asserts it in the capacity of a member of the purported plaintiff class, to which he does not belong. *See* Prayer for Relief ("It is…requested that Judgment be entered against . . . (third-party defendants), holding them . . . liable to Biaggi for all damages suffered by Biaggi as a purchaser of W Holding securities . . ."). "[I]t is settled that a third-party plaintiff cannot attempt to stand in the shoes of the plaintiff and assert a claim against the third-party defendant that rightfully belongs to the plaintiff itself." *United States v. Gov't Dev. Bank*, 132 F.R.D. 129, 131 (D.P.R. 1990) (dismissing third-party complaint: "[third-party plaintiff] is actually attempting to assert a claim which properly belongs to the [original plaintiff]."); *see also* 6 Wright & Miller, *Fed. Practice & Procedure* § 1446 ("[T]he claim against the third-party defendant must belong to the original defendant.").

Third, to the extent that Biaggi attempts to assert a claim for securities fraud directly against the third-party defendants, any such claim is time-barred under § 1658(b). Under § 1658(b), a "private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . may be brought not later than the earlier of 2 years after the discovery of the facts constituting the violation . . ." Here, Biaggi learned of the facts that he alleges give rise to his claims of damages against the third-party defendants on or before June 26, 2007, when W Holding Company, Inc. ("W Holding") filed a Form 8-K disclosing the impairment of the Inyx loan.[5] Biaggi's first third-party complaint was filed on October 29, 2009. Because more than two years elapsed between Biaggi's discovery of the facts allegedly giving rise to his claims and Biaggi's third-party complaint, Biaggi's claims in the Amended Third-Party Complaint are statutorily barred under 28 U.S.C. § 1658(b).

**WHEREFORE**, third-party defendants Cesar Ruiz, Cornelius Tamboer, Hector Del Rio, Pedro Dominguez, Juan Carlos Frontera, William Vidal Carvajal, Ileana Garcia Ramirez de Arellano and Fredeswinda Ramirez de Arellano respectfully request that the Court enter an order dismissing Biaggi's Amended Third-Party Complaint with prejudice.

---

5 Biaggi admitted knowledge of W Holding's Form 8-K as of June 26, 2007, when he "incorporate[d] by reference all the allegations . . . of the Complaint . . ." Am. Third-Party Compl. ¶1.  A copy of W Holding's Form 8-K filed on June 26, 2007, is attached as Exhibit A.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 13th day of January, 2010.

                RIVERO MESTRE & CASTRO
                Andrés Rivero, Esq. (PHV)
                M. Paula Aguila, Esq. (PHV)
                2525 Ponce de León Blvd.
                Suite 1000
                Miami, Florida 33134
                Telephone:   (305) 445-2500
                Fax:               (305) 445-2505
                Email: arivero@rmc-attorneys.com
                        paguila@rmc-attorneys.com

                By:   <u>  s/M. Paula Aguila          </u>
                      ANDRES RIVERO
                      Florida Bar No. 613819
                      M. PAULA AGUILA
                      Florida Bar No. 43135

                Pedro E. Ruiz Law Offices, PSC
                Pedro E. Ruiz, Esq.
                P.O. Box 190879
                San Juan, Puerto Rico 00919-0879
                Telephone:   (787) 622-6232
                Fax:               (787) 622-6230
                E-mail:    pruiz@ruizlawoffices.com

                By:   <u>  s/Pedro E. Ruiz Meléndez   </u>
                      Pedro E. Ruiz Meléndez
                      USDC-PR No. 208311

*Attorneys for Frank C. Stipes, Freddy Maldonado, Ricardo Hernandez, Norberto Rivera, Cesar Ruiz, Cornelius Tamboer, Hector Del Rio, Pedro Dominguez, Juan Carlos Frontera, William Vidal Carvajal, Ileana Garcia Ramirez de Arellano and Fredeswinda Ramirez de Arellano.*

**CERTIFICATE OF SERVICE**

      I CERTIFY that on January 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                          s/M. Paula Aguila
                                                          M. Paula Aguila

**SERVICE LIST**

Hildebrand v. W Holding Company, Inc., et al.
Case No. 3:07-cv-01886-JAG
United States District Court, District of Puerto Rico

Andrés W. López, Esq.
Andrés W. López Law Office
207 Del Parque Street, Third Floor
San Juan, Puerto Rico 00912
E-mail: andreswlopez@yahoo.com

PHV Robert M. Rothman
Coughlin Stoia Geller Rudman &
Robbins LLP
58 South Service Road, Suite 200
Melville, New York 11747
E-mail: rrothman@csgrr.com

Jane A. Becker-Whitaker
Jane Becker Whitaker, PSC
Post Office Box 9023914
San Juan, Puerto Rico 00902-3914
E-mail: janebeckerwhitaker@yahoo.com

PHV Joseph P. Guglielmo
Scott + Scott LLP
29 West 57th Street, 14th Floor
New York, New York 10019
E-mail: jguglielmo@scott-scott.com

PHV Richard P. Rouco
Whatley, Drake & Kallas, LLC
Post Office Box 10647
Birmingham, Alabama 35202-0647
E-mail: rrouco@wdklaw.com

Eric Perez-Ochoa
Adsuar Muniz Goyco Seda & Perez
Ochoa PSC
Post Office Box 70294
San Juan, Puerto Rico 00936-8294
E-mail: epo@amgprlaw.com

Eric M. Quetglas-Jordan
Quetglas Law Office
Post Office Box 16606
San Juan, Puerto Rico 00908-6606
E-mail: eric@quetglaslaw.com

PHV Deborah Clark-Weintraub
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: dweintraub@wdklaw.com

PHV Joe R. Whatley Jr.
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: aplant@wdklaw.com

PHV Lili R. Sabo
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York 10036
E-mail: lsabo@wdklaw.com

Annette Cortes-Arcelay
Adsuar Muniz Goyco Seda & Perez
Ochoa PSC
Post Office Box 70294
San Juan, Puerto Rico 00936-8294
E-mail: acortes@amgprlaw.com

PHV George H. Mernick, III
Hogan & Hartson, LLP
8300 Greensboro Drive
Suite 1100
McLean, Virginia 22102
E-mail: ghmernick@hhlaw.com

- 11 -

| | |
|---|---|
| PHV Jon M. Talotta<br>Hogan & Hartson, LLP<br>8300 Greensboro Drive<br>Suite 1100<br>McLean, Virginia 22102<br>E-mail:  jmtalotta@hhlaw.com | PHV N. Thomas Connally<br>Hogan & Hartson, LLP<br>8300 Greensboro Drive<br>Suite 1100<br>McLean, Virginia 22102<br>E-mail:  ntconnally@hhlaw.com |

Harry Anduze-Montano
Harry Anduze Montano Law Office
1454 Fernandez Juncos Ave.
San Juan, PR 00909
E-mail: handuze@microjuris.com

1475.02\PLEAD\MOT DIS AMEN 3RD PAR COMP (groups 2 & 3) 01.13.10