UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| SAMUEL HILDENBRAND<br><br>Plaintiff<br><br>v.<br><br>W HOLDING COMPANY, INC., ET AL<br><br>Defendants | CIVIL NO. 07-1886 (JAG)<br>**Consolidated**<br><br>RE:  CLASS ACTION |

**RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS
DOCKETS 143, 144 AND 146**

To The Honorable Court:

Comes now, defendant José M. Biaggi Landrón, ("Biaggi") through his undersigned counsel, and respectfully states and prays:

1. Biaggi's Amended Answer to Consolidated Amended Complaint [Docket No. 140] included a cross claim against the other defendants,[1] as well as a claim against certain parties[2] who were brought into the suit as third party defendants. The claims against these two classes (i.e., the cross-defendants and third party defendants) arise from the same core of operative facts and transactions described in the Complaint. The parties against whom these two classes of claims were made by Biaggi would be solidarily bound with the other

---

[1] Those persons are: Those individuals are Cesar A. Ruiz, Cornelius Tamboer, Hector Del Rio, Pedro Dominguez, Juan Carlos Frontera, Ileana Garcia Ramirez de Arellano, and Fredeswinda Ramirez de Arellano.
[2] Those persons are: William Vidal Carvajal, Miguel Vazquez, Pedro Dominguez, Juan Carlos Frontera, Hector Del Rio, Cornelius Tamboer and Frank C. Stipes.

defendants, if the allegations made against them were to be proven at trial.[3] These are the types of claims which would normally relate back to the filing of the Complaint, as such relation back is not precluded by the statute under which the Complaint was filed and these claims are being made. Moreover, under substantive Puerto Rico law, the filing of the Complaint tolled the statute of limitations as to all parties who would be jointly liable thereunder, even if they were not included as party defendants in the original Complaint.

2.   The cross-defendants and the third party defendants have moved to dismiss all of Blaggi's claims under Rule 10, Fed. R. Civ. P., alleging in essence that the allegations respectively made by Biaggi against them are insufficient as a matter of law or are time barred.

3.   The gravamen of Biaggi's claim against all of the defendants is that they:

> 2. […] did not properly report the affairs of the Business Credit Division in the SEC filings which they made, or caused to be made, during the Class Period. That failure by said Defendants caused and will cause Biaggi to suffer economic injury and losses in respect of the purchases of W Holding securities made by Biaggi during the Class Period.
>
> 3. Therefore, Biaggi claims and requests that all natural persons who are named Defendants in the Complaint by held jointly and severally liable to Biaggi for all economic losses which Biaggi has suffered and may suffer in respect of the securities of W Holding which Biaggi purchased made during the Class Period.

---

[3] It is well established that there is a right to contribution for parties jointly [**8] liable for violating Section 10(b) and Rule 10b-5. <u>Tucker v. Arthur Andersen & Co.</u>, 646 F.2d 721, 724-25 (2d Cir. 1981); <u>Kilmartin v. H.C. Wainwright & Co.</u>, 637 F. Supp. 938, 940 (D. Mass. 1986); <u>Smith v. Mulvaney</u>, 827 F.2d 558, 560 (9th Cir. 1987); <u>Heizer Corp. v. Ross</u>, 601 F.2d 330 (7th Cir. 1979); <u>Huddleston v. Herman & MacLean</u>, 640 F.2d 534, 558 (5th Cir. 1981), aff'd in part and rev'd in part on other grounds, 459 U.S. 375, 74 L. Ed. 2d 548, 103 S. Ct. 683 (1983); <u>in re National Student Marketing Litigation</u>, 517 F. Supp. 1345 (D.D.C. 1981).

4. Moreover, Biaggi requests that all of the natural persons who are named defendants in the Complaint be held liable to Biaggi for all amounts which Biaggi may be held liable to pay to the Plaintiffs in this suit.

<u>See</u> Amended Cross-Claim, Docket 140, ¶¶ 2-4, at page 27.

4. Those allegations are made in the context of Biaggi's Thirty-Fourth Defense, which is, in turn, incorporated by reference into the Amended Cross Claim/Third Party Complaint and state, in its pertinent part, that Biaggi did not monitor or report about the activities of the Business Credit Division, and that the said Division reported directly to W Holding (not to Biaggi) during the Class period [See: Amended Answer to Consolidated Amended Complaint, Docket No. 140, at pages 25-26]

5.   Mr. Biaggi has properly alleged that he purchased W Holding securities in the open market during the Class Period and did not sell them.

6.   Thus, Biaggi's allegations clearly cover his status as an injured party, as a result of having purchased W Holding Securities during the Class Period, when the relevant facts about these securities (with respect to the Business Credit Division), according to the Complaint, were improperly reported to SEC by the Cross-Claim defendants and the third party defendants. Admittedly, the Complaint does not name the third party defendants, but it does assert liability against all similarly situated.

7.   The Amended Third Party Complaint incorporates the principal aspects of the allegations summarized in the foregoing, against seven (7) persons who served at W Holding in various capacities as controlling persons, who should have correctly reported the affairs of the Business Credit Division in

W Holding's SEC filings during the Class Period. Biaggi asserts that, if the allegations of the Complaint are proven as to those persons, then those persons would be liable to him, as a purchaser of W Holding shares during the Class Period, just as they would be directly liable to the Class PLaintiffs. Further, the Amended Third Party Complaint asserts that, in the event that Biaggi is found liable on the basis of the complaint, then those seven (7) persons would be solidarily liable to him, in contribution. [See note 3, supra]. 5.

8. The Supreme Court in the case of <u>Musick, Peller & Garrett, et. al</u> v. <u>Employers Insurance of Wausau, et. al</u>, 508 U.S. 286 (1993); 113 S. Ct. 2085 124 L.Ed. 2d. 194, decided that as a matter of federal law, defendants in a suit under 10(b) of the Securities Exchange Act, has a right to seek contribution from other parties who have joint responsibility for the violation. The codefendants and third-party defendants were officers and/or directors of W. Holding Company, Inc. and/or Westernbank Puerto Rico at the time of the facts of this class action. Biaggi claims that they have the duty to contribute for their acts and/or omissions in their respective positions as officer and directors, and the allocation of said liability among all defendants and third parties defendants in this case.

9. The arguments to dismiss for lack of sufficient allegations are refuted by the foregoing.

10. As to the statute of limitations issue, Biaggi contends that, as a matter of substantive law, the filing of the initial complaint in this suit tolled the statutes of limitations as to all claims against the named defendants and other persons who would be solidarily liable with them, as well as all claims for

contribution among the defendants. [See ¶ 1, supra]. The First Circuit has held that, as to parties who are solidarily liable, such as joint tortfeasors, the statute of limitations is tolled when a claim is filed against any one of the parties and the interruption of the statutes as to any defendant, who are jointly liable, tolls the period for all other defendants who is solidarily liable with the first. <u>Tokyo Marine & Fire Ins. v. Perez & Cia.</u>, 142 F.3d 1, 4 (1st Cir. 1998). Thus, the Amended Cross-Claim and Third Party Complaint relate back to the original Complaint filed by the Class Plaintiffs, since these claims arise from the same transaction and occurrence related therein and because of the fact that the statute of limitations was tolled by the original Complaint against the cross-claim defendants who are jointly liable in the instant case.

11. It should be noted that Mr. Biaggi denies any wrongdoing in the instant case. However, in the alternative, Biaggi has filed his Cross-Claim and Third Party Complaint under Rule 8(d) of Federal Rules of Civil Procedure which allows alternative statements of claims and inconsistent claims or defenses.

12. At this stage, Biaggi is covered by the corporate charter and by-laws which afford him a right of indemnity. Those provisions of the corporate statutes are in accord with the corporate law of Puerto Rico, which afford corporate officers a right of indemnity at this stage. For Biaggi's right of indemnity to be defeated, it would have to be established that Biaggi incurred in an extremely high degree of culpable conduct. Allegations of that type have not been made against Biaggi by any party and Biaggi contends that, even if they were made against him, they would not prevail.

WHEREFORE, it is requested that this Honorable Court deny the Motions to Dismiss filed against Biaggi's Cross Claim and Third Party Complaint  Dockets 143, 144 and 146.

Respectfully submitted.

In San Juan, Puerto Rico this 24th day of February 2010.

**I HEREBY CERTIFY**:  that on February 24, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

**s/ Harry Anduze Montaño**
Harry Anduze Montaño- 114910
Attorney for Defendant
1454 Fernández Juncos Avenue
San Juan PR  00909
Tel.  (787) 723-7171
Fax  (787) 723-7278
E-mail: handuze@microjuris.com

**s/ José A. Morales Boscio**
José A. Morales Boscio-220614
Attorney for Defendant
1454 Fernández Juncos Avenue
San Juan PR  00909
Tel.  (787) 723-7171
Fax  (787) 723-7278
E-mail: jmoralesb@microjuris.com

lvf/srp

JAM\Motions\1772-Response to Opposition to motion to deem.doc (Biaggi).doc