**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| SAMUEL HILDENBRAND, On Behalf of Himself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>W HOLDING, INC., *et al.*, )<br><br>Defendants. ) | CIVIL No. 07-1886 (JAG)<br>(Consolidated)<br><br>RE: SECURITIES CLASS ACTION |

**REPLY IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS**
**AMENDED CROSS-CLAIM OF JOSE M. BIAGGI BY**
**DEFENDANTS W HOLDING COMPANY, INC.**
**AND WESTERNBANK PUERTO RICO**

**TO THE HONORABLE COURT:**

Defendants W Holding Company, Inc. ("W Holding") and Westernbank Puerto Rico ("Westernbank," and collectively with W Holding, "Defendants"), through undersigned counsel and in reply to Biaggi's Response in Opposition (the "Opposition"), see Docket No. 160, to their Motion to Dismiss his Amended Cross-Claim (the "Motion"), see Docket No. 143, state the following:

1.   Biaggi's Amended Cross-Claim, see Docket no. 140, does not allege a claim for contribution. "A person entitled to... contribution may recover no more than the amount paid to the plaintiff in excess of the person's comparative share of responsibility." See Restatement (Third) of Torts § 23(b) (2000). In contrast, the Amended Cross-Claim seeks to shift "all sums"

and "<u>all</u> amounts" for which Biaggi might be found liable to Plaintiffs. <u>See</u> Amended Cross-Claim ¶¶ 4 & 5 (emphasis added). That is <u>indemnification</u>, not contribution.

2.   Such claims for indemnification are pre-empted and/or barred by federal securities laws. <u>See</u> Def's Mot. ¶¶ 3-4. Biaggi fails to address, and thus concedes, this point.

3.   Likewise, Biaggi fails to defend, and thus concedes, that his attempt to incorporate unspecified allegations from the Complaint is invalid. <u>See</u> Def's Mot. ¶¶ 5-6.

4.   Contrary to Biaggi's assertion, <u>see</u> Amended Cross-Claim ¶ 4, his Thirty-Fourth Affirmative Defense, comprising only six paragraphs, does not provide the factual allegations needed to support the Amended Cross-Claim, <u>see</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009),[1]/ which itself consists of only requests for relief. <u>See</u> Def's Mot. ¶ 5.

5.   Nor does Biaggi's apparent claim for securities fraud against other Defendants[2]/ relate back to Plaintiffs' Complaint. Defendants do not dispute that such a claim relates back to Biaggi's original Cross-Claim, which was filed on October 29,

---

[1]/   Of course, it also fails to satisfy the heightened pleading standard applicable to securities-fraud claims set forth in <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322-23 (2007).

[2]/   As noted in the Defendant's Motion, <u>see</u> Def's Mot. 4 n.3, it is not clear that Biaggi is making allegations of securities fraud against the W Holding or Westernbank, but in an abundance of caution, Defendants address it here.

2009. But cross-claims and third-party claims relate back to the original complaint **only** if they seek to shift to another party some portion of the claimant's liability to the original plaintiff. See, e.g., <u>Kansa Ins. Co., Ltd. v. Congressional Mtg. Ins. Corp.</u>, 20 F.3d 1362, 1368 (5th Cir. 1994) ("[I]f [a] cross-claim is...not in the nature of a defensive claim, [it] must comply with the applicable statute of limitations."); <u>U.S. v. Norden Ents., LLC</u>, 2004 WL 42318, at *2 (N.D. Ill. Jan. 6 2004) (same).[3]/

6.    As this claim seeks relief from the other parties independent of any liability Biaggi may have to Plaintiffs, <u>see</u> Biaggi's Opp'n 3-4 ("[Cross-Claim and Third-Party Defendants] would be liable to [Biaggi], as a purchaser of W Holding shares...<u>just as they would be directly liable to Class Plaintiffs</u>."), that claim has been barred since June 26, 2007,

---

[3]/    Likewise, contrary to Biaggi's assertion, <u>see</u> Opp'n 1 & 5, a cross-claim does not relate back to the original complaint simply because it shares a common factual basis. See <u>Young v. Lepone</u>, 305 F.3d 1, 15 (1st Cir. 2002) ("We...flatly reject the proposition that relation back is available merely because a new plaintiff's claims arise from the same transaction...as the original plaintiff's."); <u>Kansa Ins. Co.</u>, 20 F.3d at 1368 n.6 (sharing common factual basis insufficient: "otherwise, all cross-claims would be exempted from...time limitations because [they] must arise out of the same conduct...to be asserted as cross-claims").

the date by which Biaggi must have learned of the alleged fraud. See 28 U.S.C. § 1658(b).[4]/

7.    Finally, federal law, not Puerto Rico law, determines whether the claim is time barred. See One Beacon Ins. Co. v. Electrolux, Inc., 223 F.R.D. 21, (D. Mass. 2004) ("[I]n federal question cases wherein federal law supplies the relevant statute of limitations, [Federal] Rule 15(c)(3) applies."); Smith v. United Steel Workers, 2007 WL 2477345, at *12 (S.D. W.Va. Aug. 29, 2007) ("[W]hen a federal cause of action accrues and...whether the statute of limitations is tolled are federal questions determined by federal law."). Biaggi's securities claim arises under federal law and is asserted in federal court; thus, Tokyo Marine Marine & Fire Ins. Co. v. Perez y Cia. De Puerto Rico, Inc., 142 F.3d 1 (1st Cir. 1998), which was applying Puerto Rico's statute of limitations to a tort claim brought under Puerto Rico law, see id. at 1, 4, is inapposite.

**WHEREFORE**, defendants W Holding and Westernbank respectfully request that the Court enter an order dismissing Biaggi's Amended Cross-Claim with prejudice, and to grant Defendants any other and further relief this Court deems just, equitable and proper.

---

[4]/    Biaggi's cross-claim for indemnification, if not barred by federal law, and a claim for contribution, if Biaggi had alleged one, would have related back to Plaintiffs' Complaint.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 2nd day of March, 2010.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing reply was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

**ADSUAR MUÑIZ GOYCO**
**SEDA & PEREZ-OCHOA P.S.C.**
P.O. Box 70294
San Juan, P.R. 00936
Telephone: (787) 756-9000
Fax: (787) 756-9010
E-mail: epo@amgprlaw.com

By:  */s/ Eric Pérez-Ochoa*
      ERIC PEREZ-OCHOA
      USDC-PR 206314

George H. Mernick, III (PHV)
**HOGAN & HARTSON, LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5726
Fax: (202) 637-5910
E-mail: ghmernick@hhlaw.com

N. Thomas Connally (PHV)
Jon M. Talotta (PHV)
**HOGAN & HARTSON, LLP**
Park Place II
7930 Jones Branch Drive
McLean, Virginia 22102
Telephone: (703) 610-6100
Fax: (703) 610-6200
E-mail: ntconnally@hhlaw.com
E-mail: jmtalotta@hhlaw.com

*Attorneys for Defendants*
*W Holding Company, Inc. and*
*Westernbank Puerto Rico*

- 5 -