UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

—————————————————— x

SAMUEL HILDENBRAND On Behalf of     :    Civil Action No. 07-1886(JAG)
Himself and All Others Similarly Situated,   :    **(Consolidated)**
                                 :
               Plaintiff,      :    <u>CLASS ACTION</u>
                                   :
      vs.                        :    SETTLEMENT AGREEMENT
                                   :
W HOLDING COMPANY, INC., et al.,         :
                                   :
               Defendants.    :

—————————————————— x

This Settlement Agreement dated February 13, 2013 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Félix Rivera ("Lead Plaintiff"), on behalf of himself and each of the members of the Class, as defined in ¶¶1.3-1.4, infra, on the one hand, and (ii) W Holding Company, Inc. ("W Holding" or the "Company"), Westernbank Puerto Rico ("Westernbank"), Frank Stipes, Ricardo Hernandez, Freddy Perez Maldonado, Norberto Rivera and José M. Biaggi Landrón (collectively, "Defendants"), on the other hand, by and through their counsel of record in the above-referenced litigation pending in the United States District Court for the District of Puerto Rico (the "Action"). The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Part IV.1, below.

## I.    THE LITIGATION

On and after September 21, 2007, class action complaints were filed against Defendants in the United States District Court for the District of Puerto Rico (the "Court") alleging violations of federal securities laws. On October 26, 2007, the Court consolidated the complaints under *Hildenbrand v. W Holding Company, Inc., et al.*, Civ. 07-1886-FAB. On December 21, 2007, the Court appointed the Rivera Group as Lead Plaintiff, and Coughlin Stoia Geller Rudman & Robbins LLP (n/k/a Robbins Geller Rudman & Dowd LLP) and Whatley Drake & Kallas LLC as lead counsel ("Lead Counsel"), and The Law Office of Andrés W. López and Quetglas Law Office as

- 1 -

Liaison Counsel.[1] Lead Counsel filed a Consolidated Amended Complaint for Violations of Federal Securities Laws, alleging violations of Section 10(b) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, and Section 20(a) of the Securities Exchange Act of 1934 (the "Complaint"), on April 28, 2008, and Defendants filed motions to dismiss the Complaint. Lead Counsel opposed the motions. On March 24, 2009, the Court issued an Opinion and Order denying the motions. Defendants moved to reconsider the Court's March 24, 2009 Opinion and Order or, in the alternative, for certification for interlocutory appeal. Lead Counsel opposed the motion, and on July 28, 2009, the Court issued a Memorandum and Order denying the motion. Fact discovery then commenced.

On April 9, 2010, the parties attended a full-day mediation before the late Hon. Nicholas Politan (Ret.), a former federal district judge and an experienced mediator. No agreement to settle was reached at the mediation, and litigation continued. The parties met with Judge Politan for a second mediation on June 16, 2011, and no agreement was reached; thus litigation continued.

On February 15, 2012, Lead Plaintiff filed his motion for class certification, which motion was opposed by Defendants. The motion is *sub judice* and therefore no class has been certified.

Defendants filed motions for summary judgment in September 2012. Lead Plaintiff filed oppositions to the motions, and Defendants have filed their reply memoranda. No ruling has been made on these motions.

---

[1]     The other members of the Rivera Group withdrew as lead plaintiff and are no longer serving as lead plaintiffs in the Action.

803848_2

On November 20, 2012, the parties attended a third mediation session with Eric D. Green, Esq., and following a full day of negotiations, the parties reached an agreement-in-principle to resolve the Action, as set forth herein.

## II.   CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and any appeals. Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the risks posed by the difficulties and delays inherent in such litigation. Lead Plaintiff and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action. Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have violated the federal securities laws or any laws. Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made any material misstatements or omissions; that any member of the Class has suffered damages; that the stock of W Holding traded on an efficient

- 3 -

803848_2

market; that the prices of W Holding securities were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; that the members of the Class were harmed by the conduct alleged in the Action; or that Defendants made material false statements with scienter. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further conduct of the Action could be protracted and distracting. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. As set forth in ¶¶9.2-9.3, below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

1.    **Definitions**

As used in the Stipulation the following terms have the meanings specified below:

- 4 -

803848_2

1.1     "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3     "Class" means all Persons who purchased the publicly traded securities of W Holding between April 24, 2006 and June 26, 2007, inclusive. Excluded from the Class are:

        (a)     Persons or entities who submit valid and timely requests for exclusion from the Class; and

        (b)     Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of any Defendant during the Class Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

1.4     "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5     "Class Period" means the period between April 24, 2006 and June 26, 2007, inclusive.

1.6     "Defendants" has the same meaning as defined above.

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.8     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.9     "Final" means when the last of the following with respect to the Judgment dismissing the Action, in the form of Exhibit C attached hereto, shall occur: (i) the expiration of the time to file

803848_2

a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Distribution of the Settlement Fund.

1.10    "Individual Defendants" means Ricardo Hernandez, Freddy Perez Maldonado, Norberto Rivera, Frank Stipes and José M. Biaggi Landrón.

1.11    "Judgment" means the judgment with prejudice to be rendered by the Court upon approval of the Settlement, in the form attached hereto as Exhibit C.

1.12    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747, and Whatley Kallas, LLC, 380 Madison Avenue, 23rd Floor, New York, NY 10017.

1.13    "Lead Plaintiff" means Félix Rivera.

1.14    "Liaison Counsel" means The Law Offices of Andrés W. López, P.S.C. and Quetglas Law Offices.

1.15    "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court, after provision for the amounts set forth in ¶6.4 of this Settlement Agreement.

803848_2

1.16    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.17    "Plaintiffs' Counsel" means any counsel who filed a complaint in the Action or any action that has been consolidated with the Action.

1.18    "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Distribution is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

1.19    "Released Claims" means all claims (including "Unknown Claims"), that were asserted or could have been asserted in this Action by Lead Plaintiff or members of the Class, against the Released Persons based upon, arising out of, or relating to both the claims or facts and circumstances asserted in this Action and the purchase of W Holding publicly traded securities during the Class Period by Class Members.

1.20    "Released Persons" means each and all of the Defendants and each and all of their present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, immediate family members, spouses and conjugal partnerships, and assigns of each of them.

803848_2

1.21   "Settlement Fund" means Eight Million Seven Hundred and Fifty Thousand Dollars ($8,750,000.00) in cash to be paid pursuant to ¶3.1 of this Stipulation, together with all interest and income earned thereon.

1.22   "Settling Parties" means, collectively, Defendants and Lead Plaintiff on behalf of himself and the Class Members.

1.23   "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have – and by operation of the Judgment shall have – expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have,

- 8 -

and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**2.      CAFA Notice**

2.1      Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court, the Claims Administrator shall, at W Holding's expense, serve proper notice of the proposed Settlement upon the United States Attorney General and each State Attorney General.  Simultaneously, the Claims Administrator shall provide a copy of such notice as well as proof of service of such notice to counsel for Lead Plaintiff and Defendants.

**3.      The Settlement**

**a.      The Settlement Fund**

3.1      W Holding, on behalf of Defendants, shall cause Eight Million Seven Hundred and Fifty Thousand Dollars ($8,750,000.00) to be transferred to the Escrow Agent within five (5) business days following entry of an Order preliminarily approving the Settlement.  These funds, together with any interest and income earned thereon, shall constitute the Settlement Fund.  If the Settlement Fund is not fully and timely funded, any unfunded portion shall incur interest at ten (10) percent per annum until paid.  Alternatively, if the Settlement Fund is not fully and timely funded,

- 9 -

803848_2

Lead Counsel may terminate the Settlement Agreement on 15 calendar days' notice to Defendants' counsel.  Except for their obligation to timely fund the Settlement Fund, provide W Holding's transfer records and to pay for the CAFA notice, Defendants shall not be required to pay more than the Settlement Fund pursuant to this Stipulation and the Settlement.

> **b.    The Escrow Agent**

3.2     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.3     The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

3.4     Subject to further order(s) or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Settling Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

803848_2

3.6     Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $500,000 in notice and administration costs ("Notice and Administration Costs") associated with the administration of the Settlement, including, without limitation: the cost of identifying and locating members of the Class, mailing the Notice and Proof of Claim and Release and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.  Prior to the Effective Date, payment of any Notice and Administration Costs exceeding $500,000 shall require notice to and agreement from Defendants, through Defendants' counsel.  Any portion of the Notice and Administration Costs that are unspent shall revert to the Settlement Fund.  Subsequent to the Effective Date, without further approval by the Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable and necessary Notice and Administration Costs in excess of $500,000.

### c.     Taxes

**Qualified Settlement Fund**

3.7     (a)     The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements

contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶3.7(a) hereof) shall be consistent with this ¶3.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.7(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Settling Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Defendants and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes

- 12 -

803848_2

and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither Defendants nor their counsel are responsible nor shall they have any liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.7.

> **d.    Termination of Settlement**

3.8    In the event that the Class is not certified, or if the Settlement (i) is not approved, (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom, or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.7, shall be refunded pursuant to written instructions from the Defendants' counsel.

> **4.    Notice Order and Settlement Hearing**

4.1    Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Class for settlement purposes, and approval for the mailing of a settlement notice (the "Notice") and

- 13 -

publication of a summary notice, in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Distribution, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

4.2    Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Distribution and the Fee and Expense Application.

**5.    Releases**

5.1    Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not validly opted out of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) all Released Claims (including any Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.2    Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not timely opted out of the Class, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants, or any other Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including,

- 14 -

803848_2

without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.3     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

**6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     Within five (5) calendar days of the Court's preliminary approval of this Stipulation, W Holding will use reasonable efforts to cause its transfer agent to provide to Lead Counsel in a computer-readable format, the last known names and addresses of all W Holding shareholders of record during the Class Period.  W Holding shall bear the expense of providing such names and addresses.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed to all shareholders of record identified by W Holding's transfer agent the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release,

- 15 -

substantially in the form of Exhibit A-2 attached hereto.  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Distribution and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Distribution, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class.  The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website.  In accordance with the schedule set forth in the Notice Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*.  The cost of providing such notice shall be paid out of the Settlement Fund.

      6.4     The Settlement Fund shall be applied as follows:

         (a)     to pay Plaintiffs' Counsel's attorneys' fees and expenses (the "Fee and Expense Award") and Lead Plaintiff's expenses, if and to the extent allowed by the Court;

         (b)     to pay all Notice and Administration Costs;

         (c)     to pay the Taxes and Tax Expenses described in ¶3.7 hereof; and

         (d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court.

      6.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Distribution, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

      6.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit

- 16 -

A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date, or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

6.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Distribution.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.

6.9     Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution in an equitable and economical fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* ($10,000.00 or less) and such remaining balance shall then be donated to Hermanitas De Los Ancianos Desamparados Hogar Nuestra Senora De La Providencia de Puerta De Tierra, Inc.

- 17 -

6.10   The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Distribution, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

6.11   Defendants shall take no position with respect to the Plan of Distribution or any other such plan as may be approved by the Court. No person shall have any claim against Defendants or Defendants' counsel based on the Plan of Distribution or its implementation.

6.12   It is understood and agreed by the Settling Parties that any proposed Plan of Distribution of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Distribution shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Order approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation. Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Distribution.

6.13   No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Distribution, or otherwise as further ordered by the Court.

**7.   Lead Counsel's Attorneys' Fees and Expenses**

7.1   Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for (a) an award of attorneys' fees to be paid out of the Settlement Fund plus (b) expenses incurred in connection with prosecuting the

Action, plus interest on both amounts.  Lead Plaintiff may submit a request for his expenses in representing the Class.  Neither Lead Counsel nor any Class Member shall be entitled to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.

7.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.  This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on the Settlement.  Lead Counsel shall thereafter allocate the attorneys' fees amongst other Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.  Any such awards shall be paid solely by the Settlement Fund.  In the event that the judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶7.1 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice from W Holding's counsel or from a court of competent jurisdiction.

7.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

- 19 -

803848_2

7.4    Released Persons shall have no responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel over and above payment of the Settlement Fund.

7.5    Released Persons shall have no responsibility for the allocation among Plaintiffs' Counsel or any Class Member's counsel or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**8.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)    W Holding, on behalf of Defendants, has deposited the Settlement Fund with the Escrow Agent;

(c)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)    the Court has entered the Notice Order, as required by ¶4.1 hereof;

(e)    the Court has entered the Order Approving Settlement;

(f)    the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action as set forth above; and

(g)    the Judgment has become Final, as defined in ¶1.9 hereof.

8.2    Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met, then the

803848_2

Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

      8.3    If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a percentage of W Holding publicly traded securities during the Class Period that exceeds the percentage specified in a separate "Supplemental Agreement" executed between Lead Plaintiff and Defendants, then Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute arises among Lead Plaintiff and Defendants concerning its interpretation or application. Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Defendants' counsel by Lead Counsel. Defendants may terminate the Stipulation and Settlement by serving written notice of termination on the Court and Lead Counsel postmarked on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last. In the event that Defendants serve a written notice of termination, Defendants may withdraw their written notice of termination by providing written notice of such withdrawal to Lead Counsel and to the Court by no later than 5:00 PM Eastern Time on the day prior to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and counsel for Defendants.

803848_2

8.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶3.6 or 3.7 hereof, shall be refunded pursuant to written instructions from W Holding's counsel.  At the request of counsel for W Holding, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of W Holding's counsel.

8.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of November 20, 2012. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.23, 3.6-3.8, 7.2, 8.4-8.5 and 9.3-9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of November 20, 2012.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Distribution or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or Lead Plaintiff shall constitute grounds for cancellation or termination of the Stipulation.

- 22 -

9.      **Miscellaneous Provisions**

9.1      The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2      The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert or allege in any action, proceeding, or claim that any party hereto violated Rule 11 of the Federal Rules of Civil Procedure, and the Order Approving Settlement shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.3      Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or

- 23 -

(c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation, the Order Approving Settlement or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

9.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein (or, as between Defendants, in any agreement between them), each Settling Party shall bear its own costs.

9.8     Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Distribution or

- 24 -

criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Distribution is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Distribution or the Stipulation with respect to attorneys' fees or expenses, Defendants shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.9     Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.10    Lead Plaintiff and Lead Counsel represent and warrant that none of the Lead Plaintiff's claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.11    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.12    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

9.13    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

803848_2

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.15    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.16    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the Commonwealth of Puerto Rico, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Puerto Rico without giving effect to that Commonwealth's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated February 13, 2013.

THE LAW OFFICES OF ANDRÉS W. LÓPEZ,
P.S.C.
ANDRÉS W. LÓPEZ

_____
ANDRÉS W. LÓPEZ

USDC-PR #215311
902 Fernandez Juncos, Suite 3
San Juan, PR  00907
Telephone: 787/294-9508

QUETGLAS LAW OFFICES
ERIC M. QUETGLAS JORDAN
USDC-PR #202514
P.O. Box 16606
San Juan, PR  00908-6606
Telephone:  787/722-0635
787/725-3970 (fax)

- 26 -

Co-Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN

_Robert Roth_
_____
           ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER P. SEEFER
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

WHATLEY KALLAS, LLC
JOE R. WHATLEY, JR.
380 Madison Avenue, 23rd Floor
New York, NY 10017
Telephone: 212/447-7060
800/922-4851 (fax)

Co-Lead Counsel for Plaintiffs

RIVERO MESTRE
ANDRES RIVERO

_____
           ANDRES RIVERO

2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, FL 33134
Telephone: 305/445-2500
305/445-2505 (fax)

- 27 -

803848_2

Co-Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN

_____

ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER P. SEEFER
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

WHATLEY KALLAS, LLC
JOE R. WHATLEY, JR.
380 Madison Avenue, 23rd Floor
New York, NY  10017
Telephone:  212/447-7060
800/922-4851 (fax)

Co-Lead Counsel for Plaintiffs

RIVERO MESTRE
ANDRES RIVERO

_____ for :
ANDRES RIVERO

2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, FL  33134
Telephone:  305/445-2500
305/445-2505 (fax)

- 27 -

Attorneys for Defendants Frank Stipes, Ricardo
Hernandez, Freddy Maldonado, Norberto Rivera

PEDRO E. RUIZ LAW OFFICE, PSC
PEDRO E. RUIZ-MELENDEZ

_____
PEDRO E. RUIZ-MELENDEZ

P.O. Box 190879
San Juan, PR 00919-0879
Telephone:  787/622-6232
787/622-6230 (fax)

Attorneys for Defendants Frank Stipes, Ricardo
Hernandez, Freddy Maldonado, Norberto Rivera

BUCHANAN INGERSOLL & ROONEY PC
H. MARC TEPPER

/s/ Marc Tepper
_____
H. MARC TEPPER

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Telephone: 215/665-3864
215/665-8760 (fax)

Attorneys for Defendant Jose Biaggi

- 28 -

ADSUAR MUNIZ GOYCO SEDA &
 PEREZ OCHOA PSC
ERIC PEREZ-OCHOA

_____
            ERIC PEREZ-OCHOA

P.O. Box 70294
San Juan, PR 00936-8294
Telephone:  787/756-9000
787/756-9010 (fax)

Attorneys for Defendant W Holding Company, Inc.

803848_2