## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SAMUEL HILDENBRAND, On Behalf of Himself and All Others Similarly Situated,<br><br>**Plaintiffs**<br><br>v.<br><br>W HOLDING, INC., *et al.*,<br><br>**Defendants.** | **CIVIL NO.** 07-1886 (JAG) |

**ORDER APPROVING PLAN OF DISTRIBUTION OF SETTLEMENT PROCEEDS**

This matter came before the Court for hearing on June 10, 2013 pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated March 1, 2013 (the "Preliminary Approval Order"), on the application of Lead Plaintiff for approval of the proposed plan of distribution of the settlement proceeds (the "Plan of Distribution") in the above-captioned consolidated class action litigation (the "Action"). Due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

**CIVIL NOS.** 07-1886 (JAG)
          07-1915 (JAG)
          07-1931 (JAG)

1. This Order incorporates by reference the definitions in the Settlement Agreement dated February 13, 2013 (the "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Notice of Lead Plaintiff's motion for approval of the proposed Plan of Distribution was given to all Class Members who could be identified with reasonable effort, and the form and method of notifying the Class was in compliance with the Preliminary Approval Order, and said notice met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, and due process, and constituted the best notice practicable under the circumstance.

4. Over 20,700 copies of the Notice, which sets forth the proposed Plan of Distribution and advises Class Members of their

**CIVIL NOS.** 07-1886 (JAG)
            07-1915 (JAG)
            07-1931 (JAG)

right to object to the proposed plan, were disseminated to putative Class Members and no objections to the proposed Plan of Distribution were filed.

    5.   The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice mailed to Class Members provides a fair and reasonable basis upon which to allocate the Settlement proceeds among the Class Members with due consideration having been given to administrative convenience and necessity.

    6.   The Court hereby finds and concludes that the Plan of Distribution set forth in the Notice is, in all respects, fair and equitable to the Class.  Accordingly, the Court hereby approves the Plan of Distribution proposed by Lead Plaintiff.

    7.   Any appeal or any challenge affecting this Court's approval of the Plan of Distribution shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

    8.   The Court retains exclusive jurisdiction over the parties and the Class Members for all matters relating to this Action, including the administration and the distribution of the Settlement proceeds to the members of the Class.

**CIVIL NOS.** 07-1886 (JAG)
             07-1915 (JAG)
             07-1931 (JAG)

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of June, 2013.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge
